BENTON v DART PROPERTIES INCORPORATED

Docket No. 256465. Submitted October 18, 2005, at Detroit. Decided March 28, 2006, at 9:05 a.m.

Bradley S. Benton brought a negligence action in the Macomb Circuit Court against his landlord, Dart Properties Incorporated, after he slipped and fell on an icy sidewalk within his apartment complex. The court, Mary A. Chrzanowski, J., granted the defendant's summary disposition motion, concluding that the open and obvious danger doctrine barred the plaintiff's claim and that *O'Donnell v Garasic*, 259 Mich App 569 (2003), did not apply. The plaintiff appealed.

The Court of Appeals *held*:

The trial court erred by granting the defendant summary disposition. A tenant is an invitee of the landlord, and the landlord owes a duty to exercise reasonable care to protect its invitee from an unreasonable risk of harm caused by a dangerous condition on the land. Absent special aspects, this duty generally does not require the landlord to protect the invitee from open and obvious dangers. In light of *O'Donnell*, however, the open and obvious danger doctrine is not available to the defendant if it breached its duties under MCL 554.139, even if the ice on the sidewalk was open and obvious. MCL 554.139(1)(a) requires the defendant to ensure that all common areas of its apartment complex are fit for their intended use. Under the plain language of the statute, sidewalks located within an apartment complex are common areas, particularly given the mandate of MCL 554.139(3) that the statute's provision must be liberally construed and the Legislature's intent to codify common law. Because the intended use of a sidewalk is walking on it, a sidewalk covered with ice is not fit for this purpose. Under *O'Donnell*, the defendant owed the plaintiff a duty of reasonable care regardless of the openness or obviousness of the icy sidewalk condition. Furthermore, the plaintiff created a genuine issue of material fact regarding whether the defendant breached its duty. Reasonable minds might differ regarding whether the defendant's preventive measures, which consisted of salting the sidewalks once on the day that the

plaintiff fell, constituted reasonable care under the weather conditions that day.

Reversed and remanded.

Negligence — Premises Liability — Landlord and Tenant — Open and Obvious Dangers.

A landlord has a duty to take reasonable measures to ensure that common areas, which include the sidewalks located within the landlord's apartment complex, are fit for their intended purpose; a sidewalk covered with ice is not fit for its intended use of walking on it, and the landlord cannot use the open and obvious danger doctrine to circumvent its statutory duty to maintain the sidewalks in a condition fit for their intended use (MCL 554.139[1][a]).

*Carolan & Carolan, P.C.* (by *Richard J. Carolan*), for the plaintiff.

*Gregory and Meyer, P.C.* (by *Corinne F. Shoop* and *Paul J. Ellison*), for the defendant.

Before: COOPER, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM. Plaintiff appeals as of right an order granting summary disposition in favor of defendant. The issue raised by plaintiff in this matter is whether the affirmative duty imposed on a landlord pursuant to MCL 554.139(1)(a), to maintain interior sidewalks in an apartment complex in a condition fit for the use intended, can be circumvented by the open and obvious danger doctrine. We hold that the open and obvious danger doctrine cannot bar a claim against a landlord for violation of the statutory duty to maintain the interior sidewalks in a condition fit for the use intended under MCL 554.139(1)(a). Accordingly, we reverse the decision of the trial court and remand this matter for trial.

This case arose when plaintiff slipped and fell on an icy sidewalk at Oak Hill Apartments, which was owned and maintained by defendant. Plaintiff, a resident of

the apartment complex, slipped and fell while he was walking from his apartment to a parking space in the apartment complex on March 12, 2003. Plaintiff testified at his deposition that he had seen ice on some of the complex's sidewalks when he left for work that morning at 6:15 a.m. and that the ice was "patchy," so he tried to avoid any icy spots as he walked. He further testified that when he returned home from work at about 6:00 p.m., he noticed that the sidewalks were covered with snow. According to plaintiff, later that evening he walked to a different car than the one he had taken to work earlier in the day, thereby causing him to take a different route than the one he had taken previously. He testified that it was dark outside. Although the apartment complex had some lights, there were no lights along the sidewalk where he fell. He stated that he walked cautiously because of the snow, but did not have any problems slipping or falling until both legs "shot" to his right and he fell onto his left leg and ankle. He looked down and saw that he was sitting on a patch of ice, which he believed was about four to five feet long. Plaintiff claims that as a result of the fall, he suffered injuries and losses, consisting of a severely fractured leg, ongoing pain, disabilities, medical expenses, and lost wages.

Following his slip and fall, plaintiff brought a two-count complaint in the Macomb Circuit Court alleging that defendant violated the statutory duty to maintain common areas in a manner fit for the use intended under MCL 554.139(1)(a). He also alleged that defendant did not take reasonable measures to diminish the danger of injury to plaintiff and similarly situated persons under general negligence law because defendant failed to remove snow and ice on the sidewalk in a timely manner. Plaintiff alleged that because defendant had violated a statutory duty, the open and obvious

danger doctrine did not apply. The trial court disagreed and granted defendant's motion for summary disposition. In granting defendant's motion for summary disposition, the trial court asserted that the facts of *O'Donnell v Garasic*, 259 Mich App 569; 676 NW2d 213 (2003), were distinguishable from the facts in the present case and concluded that because the sidewalk in this case was located outdoors rather than indoors and because there were no alleged violations of building codes, *O'Donnell* did not apply.

We review de novo a trial court's decision to grant or deny summary disposition. *Mouradian v Goldberg*, 256 Mich App 566, 570; 664 NW2d 805 (2003). In addition, issues concerning the interpretation of a statute are questions of law that we review de novo. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003).

In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages. *Taylor v Laban*, 241 Mich App 449, 452; 616 NW2d 229 (2000). The duty that a landlord owes a plaintiff depends on the plaintiff's status on the land. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). A person invited on the land for the owner's commercial purposes or pecuniary gain is an invitee, and a tenant is an invitee of the landlord. *Id.* at 604; *Stanley v Town Square Coop*, 203 Mich App 143, 149; 512 NW2d 51 (1993). An owner "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). Absent special aspects, this duty generally does not require the

owner to protect an invitee from open and obvious dangers. *Id.* at 517. However, in *O'Donnell*, this Court held that the open and obvious danger doctrine is not available to deny liability when the defendant has a statutory duty to maintain the premises in reasonable repair:

> The open and obvious danger doctrine is not available to deny liability to an injured invitee or licensee on leased or licensed residential premises when such premises present a material breach of the specific statutory duty imposed on owners of residential properties to maintain their premises in reasonable repair and in accordance with the health and safety laws, as provided in MCL 554.139(1)(a) and (b). [*O'Donnell, supra* at 581.]

In light of *O'Donnell*, if defendant breached its duties under MCL 554.139, defendant would be liable to plaintiff even if the ice on the sidewalk was open and obvious. We therefore begin our analysis by addressing whether MCL 554.139 imposes a duty on defendant to remove ice from the interior sidewalks located within an apartment complex.[1]

MCL 554.139 provides in pertinent part:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the *premises and all common areas* are fit for the use intended by the parties.
>
> (b) To keep the *premises* in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the *disrepair* or violation of the applicable health or safety laws has been caused by the tenants [sic] wilful or irresponsible conduct or lack of conduct.

---

[1] Interior sidewalks are those walkways located out-of-doors and within the parameters of the whole of the apartment complex.

* * *

(3) The provisions of this section *shall be liberally construed* .... [Emphasis added.]

When construing a statute, the primary goal is to give effect to the intent of the Legislature, and the first step is to review the language of the statute. *Cain v Waste Mgt, Inc (After Remand)*, 472 Mich 236, 245; 697 NW2d 130 (2005). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *People v Spann*, 250 Mich App 527, 530; 655 NW2d 251 (2002), aff'd 469 Mich 904 (2003). Words shall be construed according to their common meanings unless they are technical terms that have acquired peculiar meanings. MCL 8.3a; *Cain, supra* at 245. The omission of a provision from one part of a statute when it is included in another part should be construed as intentional. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993). If the language of the statute is unambiguous, the Legislature is presumed to have intended the meaning it plainly expressed, and no further judicial construction is permitted. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002).

Thus, in ascertaining whether outdoor sidewalks located within an apartment complex constitute "common areas" under MCL 554.139, we analyze the plain language of the statute. Examining the plain language of MCL 554.139, we conclude that the sidewalks located within an apartment complex constitute "common areas." In so concluding, we are mindful of the statute's mandate that its provisions be construed liberally, MCL 554.139(3). The basis for our conclusion is as follows. First, sidewalks such as the one in question are located within the parameters of the apartment structure. They are constructed and maintained by the landlord or

those in the landlord's employ. Second, sidewalks leading from apartment buildings to adjoining parking lots are common areas for tenants because all tenants who own and park their vehicles in the spaces allotted to them by their landlord rely on these sidewalks to access their vehicles and apartment buildings. Additionally, any person residing in an apartment complex must utilize the sidewalk provided by the landlord every time the tenant wishes to enter or exit his or her dwelling. Therefore, the sidewalks constitute common areas used by tenants.

It is also important when reaching this decision to note that MCL 554.139 clearly refers to "common areas" as a separate category from "premises." Furthermore, the trial court's attempt to distinguish this case from our holding in *O'Donnell* is also misplaced. Nothing in the language of our *O'Donnell* opinion or in the language of MCL 554.139 itself supports the conclusion that MCL 554.139 specifically excludes outdoor spaces as common areas. Our holding is therefore based on the clear meaning of the language of MCL 554.139 as well as our prior decision in *O'Donnell*. Our interpretation of MCL 554.139 is also in keeping with the Legislature's intent to codify the earlier common law.[2]

We conclude that sidewalks, such as the one used by plaintiff, constitute "common areas" under MCL

---

[2] Our conclusion and clarification of this aspect of MCL 554.139 is important in light of our Supreme Court's four to three ruling in *Mann v Shusteric Enterprises, Inc*, 470 Mich 320; 683 NW2d 573 (2004). *Mann* established that there is no general duty of inviters to take reasonable measures to remove snow and ice for the benefit of invitees unless the accumulation meets the majority's high standard of creating an unreasonable risk of danger. *Id.* at 332-333. However, our Legislature's enactment of MCL 554.139 and our ruling in *O'Donnell* impose a higher duty on landlords than on other inviters given the enhanced rights afforded tenants as compared to invitees and the tenants' reliance on interior sidewalks to access their homes and parking structures.

554.139(1)(a). Therefore, a landlord has a duty to take reasonable measures to ensure that the sidewalks are fit for their intended use. Because the intended use of a sidewalk is walking on it, a sidewalk covered with ice is not fit for this purpose. Thus, under our holding in *O'Donnell*, defendant owed plaintiff a duty of reasonable care regardless of the openness or obviousness of the icy sidewalk conditions.

We next address whether plaintiff has created a genuine issue of material fact regarding whether defendant breached its duty under MCL 554.139(1)(a). We begin by noting that the duty of care is generally a question of fact for the jury. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 611, 617; 537 NW2d 185 (1995). Defendant presented a "Snow Removal Log," and an employee testified at his deposition that preventive measures were normally used to address ice and snow accumulations, including salting, ongoing spot checks, and monitoring of the weather. Several witnesses stated that these measures were fairly successful, although some of them admitted that they still saw patches of ice on the property. Several residents testified less favorably regarding defendant's maintenance of the sidewalks. The evidence of preventive measures taken on March 12, 2003, indicated that the walks were salted once, between 8:00 a.m. and 10:00 a.m.

We conclude that plaintiff established a genuine issue of material fact regarding whether defendant breached its duty under MCL 554.139(1)(a) to maintain the sidewalk in a manner that was fit for its intended use. This Court is liberal in finding a genuine issue of material fact. *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 266 Mich App 297, 306; 701 NW2d 756 (2005). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the

opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). From the evidence presented, reasonable minds might differ regarding whether defendant's preventive measures, which consisted of salting the sidewalks only once in the morning on the day that plaintiff slipped and fell, constituted reasonable care in light of the weather conditions that day. Therefore, summary disposition was not appropriate.

In light of our holding that the open and obvious danger doctrine does not bar plaintiff's claim against defendant for violating its statutory obligation under MCL 554.139(1)(a), we need not address plaintiff's remaining issues on appeal.

Reversed and remanded. We do not retain jurisdiction.