# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHANIE BATTLE,

        Plaintiff-Appellant,

v

ANDERSON VILLAS LLC, and ERIE
INVESTMENTS LLC,

        Defendants-Appellees,
and

ANDERSON VILLAS MANAGEMENT
COMPANY, ANYL MANAGEMENT CO, and
MMC OF YPSILANTI,

        Defendants.

UNPUBLISHED
June 13, 2017

No. 332276
Washtenaw Circuit Court
LC No. 14-000748-NO

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

O'BRIEN, P.J. (*dissenting*).

I respectfully dissent. The majority concludes that the trial court erred in granting defendants' motion for summary disposition because a question of fact exists as to whether the walkway at issue was fit for its intended use under MCL 554.139(1)(a), explaining, essentially in full, as follows:

> Reasonable minds could disagree as to whether defendants took reasonable measures to maintain the sidewalk in a condition that was fit for walking on in light of the weather conditions leading up to plaintiff's fall, the evidence of preventative measures taken to alleviate the dangers of ice and snow accumulation, and the fact that plaintiff did fall.

I disagree.

In *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 423; 751 NW2d 8 (2008), a "[p]laintiff fractured his ankle during a fall when he was walking on one to two inches of accumulated snow in the parking lot of his apartment complex." Our Supreme Court, recognizing that MCL 554.139(1)(a) requires that lessors "ensure that the entrance to, and the exit from, the lot is clear, that vehicles can access the parking spaces, and that tenants have

-1-

reasonable access to their parked vehicles," concluded "that there could not be reasonable differences of opinion regarding the fact that tenants were able to enter and exit the parking lot, to park their vehicles therein, and to access those vehicles." *Id*. at 429-430. Consequently, the Supreme Court held, "plaintiff has not established that tenants were unable to use the parking lot for its intended purpose, and his claim fails as matter of law." *Id*. at 430. It then continued, explaining as follows:

> While a lessor may have some duty under MCL 554.139(1)(a) with regard to the accumulation of snow and ice in a parking lot, it would be triggered only under much more exigent circumstances than those obtaining in this case. The statute does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot. Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot being fit for its intended purpose. [*Id*.]

In this case, while plaintiff did present more evidence in this case than the plaintiff in *Allison*, the value of the evidence presented in this case and in *Allison* is the same—seemingly ordinary ice and snow accumulation on a winter day. *Allison*, 481 Mich at 430 ("Plaintiff's allegation of unfitness was supported only by two facts: that the lot was covered with one to two inches of snow and that plaintiff fell."). Consequently, while the walkway at issue in this case was not necessarily maintained in an ideal condition, there is no evidence, at least in my view, establishing that the seemingly ordinary ice and snow accumulation was anything more than merely inconvenient. Therefore, plaintiff's claim under MCL 554.139(1)(a) must fail as a matter of law. *Id*.[1]

/s/ Colleen A. O'Brien

---

[1] I recognize that there is some disagreement as to whether the decision that I would reach here is inconsistent with this Court's opinion in *Benton v Dart Props*, 270 Mich App 437; 715 NW2d 335 (2006). However, as I have explained before, I am of the view that my decision is both consistent with and required by our Supreme Court's decision in *Allison*. See, e.g., *Hendrix v Lautrec, Ltd*, unpublished opinion of the court of Appeals, issued October 27, 2016 (Docket No. 328191) (O'BRIEN, J., *concurring in part and dissenting in part*).