# STATE OF MICHIGAN

# COURT OF APPEALS

DARLENE SANDIFER,

       Plaintiff-Appellant,

v

MCKINLEY, INC., also known as THE
COMMONS, and TAYLOR COMMUNITY
DEVELOPMENT,

       Defendants-Appellees.

UNPUBLISHED
September 14, 2017

No. 332443
Wayne Circuit Court
LC No. 14-001297-NO

Before: GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendants' motion for summary disposition and dismissing this slip and fall action. We affirm.

On February 12, 2011, plaintiff was a resident of defendant's senior apartment complex. At about 7:00 a.m., she was returning home and parked her vehicle in a parking space by the closest entrance to her apartment building. There was snow and ice "all along the parking lot abutting the sidewalk," and in the grassy areas, but she was able to exit her car and walk through snow to the sidewalk. After taking a few steps on the sidewalk, she slipped on ice and fell to the ground. When she was unable to get up because of the icy condition, she crawled back to her car. She then got up and walked through the parking lot to the entrance of her apartment building. Plaintiff notified the building management company about the icy condition and, at about 9:00 a.m., an incident report was generated which included photos.

On February 3, 2014, plaintiff filed this lawsuit alleging that defendants negligently, carelessly, and recklessly allowed dangerous conditions to exist in common areas of the apartment complex in violation of the common law and MCL 554.139.

Subsequently, defendants filed a motion for summary disposition under MCR 2.116(C)(10), arguing that the ice that allegedly caused plaintiff's fall was open and obvious, as well as avoidable. Therefore, her premises liability claim must be dismissed. Further, defendants did not violate MCL 554.139 because the common area of the apartment complex at issue—the sidewalk—was "fit for [its] intended uses" and provided "reasonable access" to her apartment. The sidewalk did have a four to six inch area of ice, but that small area could easily be avoided. Accordingly, defendants argued, this case must be dismissed.

-1-

Plaintiff responded to defendants' motion, arguing that the open and obvious doctrine did not apply because defendant had a statutory duty under MCL 554.139 to keep the common areas fit for their intended purpose and the sidewalk was so slippery that it could not be walked upon. Further, plaintiff argued, the icy condition was not open and obvious because it was effectively unavoidable.

Following oral arguments, defendants' motion for summary disposition was granted. The trial court noted that MCL 554.139 does not require a landlord to maintain the common areas in the most ideal of conditions; rather, it only requires the area to be fit for its intended use. And in this case, the sidewalk was fit for its intended use; thus, no genuine issue of fact existed that MCL 554.139 was not violated. Further, there was no genuine issue of fact that the icy sidewalk condition was open and obvious. Accordingly, plaintiff's case was dismissed.

Thereafter, plaintiff filed a motion for reconsideration. The trial court denied the motion holding, in part, that plaintiff failed to establish a question of fact on the issue whether MCL 554.139 was violated. As shown in the photographs provided, the sidewalk in which plaintiff fell was mostly clear. The slippery area was relatively small and was narrow enough to step over. This appeal followed, challenging only the dismissal of plaintiff's statutory claim.

Plaintiff argues that a genuine issue of material fact existed on the issue whether the sidewalk was fit for its intended use because ice covered the sidewalk; thus, her statutory claim should not have been dismissed. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999)].

"MCL 554.139 provides a specific protection to lessees and licensees of residential property in *addition* to any protections provided by the common law." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). MCL 554.139 states, in relevant part:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> > (a) That the premises and all common areas are fit for the use intended by the parties.

Parking lots and sidewalks are "common areas" within the meaning of the statute. *Allison*, 481 Mich at 428; *Benton v Dart Props, Inc*, 270 Mich App 437, 443-444; 715 NW2d 335 (2006). A

parking lot's intended purpose is satisfied "as long as the tenants are able to park their vehicles in the lot and have reasonable access to their vehicles." *Allison*, 481 Mich at 429. "[T]he intended use of a sidewalk is walking on it." *Benton*, 270 Mich App at 444. And "a sidewalk covered with ice is not fit for this purpose." *Id*.

In this case, plaintiff argues that because ice covered the width of the sidewalk, the sidewalk was not fit for its intended use—walking. Plaintiff relies on the holding in favor of the plaintiff in *Benton*, and claims that her case is factually indistinguishable. But the patch of ice on the snow-covered sidewalk that the plaintiff in *Benton* fell on was four to five feet long. *Id*. at 439. In this case, there was a relatively small strip of ice across the width of the sidewalk slab, but it was narrow enough to step over and most of the sidewalk was clear. In other words, the patch of ice did not render the sidewalk unfit for walking; it could be walked on to access areas of the apartment complex. See *Allison*, 481 Mich at 429. Even if the maintenance of the sidewalk was not perfect or even ideal for winter conditions, it was sufficient to satisfy the statutory requirements. See *id*. at 430. Accordingly, as the trial court concluded, there was no genuine issue of material fact that MCL 554.139 was not violated and defendants were entitled to summary disposition of this claim.

Affirmed. Defendants are entitled to tax costs as the prevailing parties. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle