# STATE OF MICHIGAN

# COURT OF APPEALS

XHEZMI KODRA,

Plaintiff-Appellant,

v

STONEY CREEK VILLAGE APARTMENTS,
LLC,

Defendant-Appellee.

UNPUBLISHED
November 16, 2017

No. 333392
Macomb Circuit Court
LC No. 2015-001421-NO

Before: BECKERING, P.J., and O'BRIEN and CAMERON, JJ.

BECKERING, P.J. (*dissenting*).

I respectfully dissent. In this slip and fall on ice case, plaintiff Xhezmi Kodra, a tenant of defendant, Stoney Creek Village Apartments, LLC, sued defendant for premises liability as well as a violation of defendant's statutory duties as a landlord under MCL 554.139.

Defendant filed a motion for summary disposition, which the trial court granted. In its May 26, 2016 Opinion and Order, the trial court held that plaintiff's premises liability claim should be dismissed because the conditions that led to plaintiff's fall were open and obvious and no special aspects existed to hold defendant otherwise accountable. Plaintiff does not contest the trial court's ruling on his premises liability claim, and we need not address it.

Plaintiff appeals the trial court's dismissal of his claim that defendant violated its statutory duties under MCL 554.139. In its Opinion and Order, the trial court granted defendant's motion to dismiss based on defendant's argument that it lacked notice of the icy condition. The trial court indicated its understanding that "[t]he common-law requirement of actual or constructive notice to a lessor is also a requirement for the establishment of liability under MCL 554.139[1](a)." As supporting law, the trial court cited *Royce v Chatwell Club Apartments*, 276 Mich App 389, 399-400; 740 NW2d 547 (2007). But *Royce* does not say what the trial court perceived it to say. In *Royce*, the defendant-lessor argued that it could not be held liable for a statutory violation under MCL 554.139 because it had no actual or constructive notice of the black ice in its parking lot upon which the plaintiff-lessee fell. *Id*. at 398. However, this Court declined to address the issue because it had not been raised and decided in

-1-

the trial court, and thus, it was not preserved for appellate review.[1]  *Id*. at 399.  In fact, there is no published caselaw engrafting the common law notice requirement in premises liability claims into a landlord's statutory duty under MCL 554.139(1)(a).[2]

The plain and unambiguous language of MCL 554.139(1)(a) contains no actual or constructive notice requirement before a landlord is required to undertake the task of ensuring that its common areas are fit for their intended use.  Specifically the statute provides:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.

As our Michigan Supreme Court recently explained in *Nikola v MIC General Insurance Company*, 500 Mich 115, 123; 894 NW2d 552 (2017):

> We begin all matters of statutory interpretation with an examination of the language of the statute.  The primary rule of statutory construction is that, where the statutory language is clear and unambiguous, the statute must be applied as written.  A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. [Quotation marks and citations omitted.]

Engrafting an actual or constructive notice requirement into MCL 554.139(1)(a) is not only inappropriate, it is unnecessary.  Pursuant to the plain language of the statute, defendant owed a statutory duty to plaintiff at all times.  Thus, the relevant question is whether defendant breached its statutory "duty to take reasonable measures to ensure that the sidewalks are fit for their intended use." *Benton v Dart Properties, Inc.*, 270 Mich App 437, 444; 715 NW2d 335 (2006). What defendant knew and when defendant knew it does not affect the fact that defendant nevertheless had a statutory duty at the time plaintiff fell.[3]  At issue is simply whether defendant

---

[1] Although the Court in *Royce* made a passing reference to the fact that the record failed to disclose whether defendant had notice of the condition of the parking lot, such implied commentary about a notice requirement in MCL 554.139(1)(a)—an issue that was not directly before the Court—is dicta.

[2] In *Schuster v River Oaks Garden Apartments LLC*, unpublished opinion per curiam of the Court of Appeals, issued July 21, 2016 (Docket No. 328797), slip op p 3, n 1, the Court noted this very point:  "[w]e note that there does not appear to be any published decisions that clearly establish that notice is required to establish a breach of duty under MCL 554.139(1)(a)."

[3] Presumably, ascertaining whether a defendant took reasonable measures to comply with its statutory duty includes consideration of the timing of weather conditions and the associated response to expected developing hazards.

acted appropriately under the totality of the presenting circumstances, which includes the existing weather conditions.[4]  As noted in *Benton*, "the duty of care is generally a question of fact for the jury." *Id*.  If a genuine issue of material fact exists concerning whether defendant breached its statutory duty, this case should be tried by a jury. *Id*.  And "[t]his Court is liberal in finding a genuine issue of material fact." *Id*.  " 'A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.' " *Id*. at 444-445, quoting *West v Gen Motors Corp*., 469 Mich 177, 183; 665 NW2d 468 (2003).

I would reverse the trial court's ruling with respect to plaintiff's claim under MCL 554.139 and remand because the trial court dismissed this case based on an inapplicable element. While defendant would be entitled to a grant of summary disposition if, viewing the evidence in a light most favorable to plaintiff, no reasonable juror would conclude that defendant breached its statutory duty to take reasonable measures to ensure that its sidewalk was fit for its intended use, that issue was not decided by the trial court, and it is not before this Court.


/s/ Jane M. Beckering

---

[4] I note that the trial court and the majority cite caselaw for the proposition that general knowledge of local weather conditions is insufficient to establish that a defendant had constructive notice about a hazardous condition.  Yet recent caselaw also exists holding that such general knowledge of local weather conditions can be sufficient to put a plaintiff on notice of an open and obvious condition.  If these two legal propositions remain good law, there is a serious double-standard afoot, upon which the equity of our justice system could stumble.