# STATE OF MICHIGAN

# COURT OF APPEALS

LISA KAY FLAMINIO,

Plaintiff-Appellee,

v

SOLBERGS GREENLEAF SPORTS BAR, LLC,

Defendant-Appellant.

UNPUBLISHED
October 16, 2018

No. 337764
Dickinson Circuit Court
LC No. 16-018891-NI

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

In this premises liability action, defendant, Solbergs Greenleaf Sports Bar, LLC (the bar), appeals by leave granted[1] the trial court's opinion and order denying the bar's motion for summary disposition under MCR 2.116(C)(10). The trial court determined that genuine issues of material fact existed with respect to whether the open and obvious danger doctrine precluded relief in light of evidence possibly implicating a "special aspects" exception to the doctrine. We conclude that it is unnecessary to address the open and obvious danger doctrine and whether a special aspect of the alleged hazard may have existed, given that the documentary evidence reflected that plaintiff must ultimately rely on speculation in attempting to prove that the alleged dangerous or unsafe condition was the cause in fact of her injuries. Accordingly, we reverse the trial court's ruling and remand for entry of judgment in favor of the bar.

Plaintiff was employed by the bar as a server and manager, having worked there for approximately a year. At the time of the accident, however, she was off-duty and at the bar as a patron, watching Sunday football with a girlfriend. Plaintiff claimed that she did not drink any alcohol prior to arriving at the bar but did consume "screwdrivers" while she was there. At around 7:00 p.m., an employee of the bar, who was also present as a patron, went to the basement to retrieve a soda syrup box, doing so as a helpful gesture to busy bar staff. The employee averred in his affidavit that he opened the door to the basement, shut the door, and walked downstairs. There was no landing at the top of the stairway, the basement door opened inward, and the basement door was perpendicular and close to one of the bar's entrance/exit

---

[1] *Flaminio v Solbergs Greenleaf Sports Bar, LLC*, unpublished order of the Court of Appeals, entered September 8, 2017 (Docket No. 337764).

doors.  The employee noted that he could not lock the door behind him before going down the stairs and that the door could "potentially open if someone pushed up against the door."  When he approached the stairway on his way back upstairs, he noticed plaintiff lying injured at the bottom of the basement steps, apparently having fallen down the stairs.  She was bleeding from a laceration to the back of her head.

At the time of the accident, there were two signs on the basement door, one that read "private" and another that said "stairs" with a diagram of a stairway.  Although the basement door was equipped with a lock, it was rarely if ever utilized because employees frequently went up and down the stairs, retrieving supplies and items necessary for the bar's operation. Employees were encouraged to leave the door closed, as it posed a safety risk.  The current and previous owners recognized the danger posed to patrons by the basement door and steps.  A police report regarding the accident indicated that emergency personnel found plaintiff at the bottom of the basement stairs, that she was "semi-conscious," that plaintiff "appeared highly intoxicated," that "she reeked of alcohol," that her speech was slurred, that she was confused and had no idea what had happened, that "[t]he fall was not witnessed," and that plaintiff was taken to the emergency department of a nearby medical facility.[2]  According to the police report, in an interview with plaintiff in the emergency department, plaintiff informed police that she "had no recollection of what happened and did not know how she fell."  Lab testing at the medical facility revealed that plaintiff had a .298 bodily alcohol content.  The police report also provided:

> It was speculated on scene that the door was ajar when [plaintiff] tried to brace herself on the door which caused the door to swing open causing her to fall down the stairs or that [plaintiff] was walking down the stairs for some reason and fell. We were advised by employees that [plaintiff] is an employee, but not working at the time, and that it was possible that she fell when she was going downstairs for some reason.

Plaintiff, who was very familiar with the basement stairway and used it regularly as an employee, testified in her deposition that she and her girlfriend "went to leave [the bar], and the next thing [she] was in the emergency room."  She later testified, "I do not remember the accident."  The following colloquy then took place between defense counsel and plaintiff:

> *Q.* Do you have – do you know one way or the other whether you were walking down the stairs when this happened, or whether you fell from the top of the stairs?
>
> *A.* I do not know.
>
> *Q.* You don't know?
>
> *A.* No, I do not.

---

[2] The report noted that the stairway consisted of 19 cement steps.

In answers to interrogatories, plaintiff stated multiple times that she did "not have a specific recollection of the accident." Contrary to plaintiff's deposition testimony and the answers to interrogatories, in a recorded statement to the bar's insurer, plaintiff claimed that she was preparing to leave the bar, noticed that the basement door was open, went to close the door, "obviously missed the doorknob" or "must have missed the doorknob," and plummeted down the stairs.

In an affidavit by plaintiff's girlfriend who had accompanied her to the bar, the girlfriend averred that around the time of the accident, she and plaintiff were preparing to leave the bar. The girlfriend, who, shortly before the fall, had stepped outside the bar for a moment to speak on her phone, further averred that she did not believe that plaintiff had headed down the stairway to assist in retrieving anything for the bar, because "she was not working and we were planning on leaving." The girlfriend indicated that during her phone call, plaintiff "peaked her head out the door to check on me." When the girlfriend went back inside the bar after the phone call, she saw that the basement door was open and she could not locate plaintiff. We emphasize that plaintiff's girlfriend did not witness the accident.

In plaintiff's premises liability complaint, she alleged "[t]hat upon information and belief, the Plaintiff, while walking towards the exit, fell into the doorway and down the basement steps." Plaintiff further alleged that the bar created "a dangerous condition by leaving the door open, unlocked, and easily pushed open allowing invitees to fall into the stairway." The bar filed a motion for summary disposition, arguing that the alleged hazard, i.e., the basement door and stairway, was known to plaintiff and was also open and obvious, absent any special aspects. Plaintiff responded, arguing that the hazard was not open and obvious and that, regardless, the hazard remained unreasonably dangerous assuming it to be open and obvious and it was effectively unavoidable. Therefore, according to plaintiff, "special aspects" of the hazard precluded summary disposition on the basis of the open and obvious danger doctrine. In a reply brief, the bar, picking up on some statements in plaintiff's brief, added the argument that plaintiff could not establish the requisite causation and could only speculate whether the alleged hazard caused her injuries.

The trial court entertained oral argument on the motion for summary disposition and took the matter under advisement. In a subsequent written opinion and order, the trial court determined that plaintiff knew of the alleged hazard; however, there was a genuine issue of material fact regarding whether a special aspect existed, such that the known hazard remained unreasonably dangerous despite knowledge of its existence.[3] The trial court did not address the bar's causation argument that was first raised in the bar's reply brief.[4] In the bar's application for leave to appeal filed in this Court, the bar challenged the trial court's ruling on special aspects, as well as renewing its causation argument. This Court granted the application for leave, directing that the "appeal is limited to the issues raised in the application and supporting brief."

---

[3] The trial court did reject the argument that the hazard was effectively unavoidable.

[4] We note that issues first raised in a reply brief generally need not be addressed. See *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003).

*Flaminio v Solbergs Greenleaf Sports Bar, LLC*, unpublished order of the Court of Appeals, entered September 8, 2017 (Docket No. 337764). This order encompasses the causation issue. In plaintiff's response brief on appeal, she does not argue that the issue of causation is improperly before this Court, nor does she request a remand in order to have an opportunity to present additional documentary evidence going to the issue of causation. Instead, plaintiff argues that this is not a case based on mere speculation; rather, sufficient evidence was presented showing that plaintiff fell down the stairway as a result of the bar's "negligence in keeping an unsecured door located near a heavily traveled hallway, which opens towards 19 cement steps without a landing." Accordingly, under the circumstances, we shall substantively address the causation issue.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). In *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), this Court set forth the principles governing a motion for summary disposition brought pursuant to MCR 2.116(C)(10), observing:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.]

"Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994); see also *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010) (a court must draw all reasonable inferences in favor of the nonmoving party).

The unsafe, dangerous, or hazardous condition that plaintiff alleged consisted of a door inside a tavern that opened inward, even by simply bumping or pushing against it, leading to a basement stairway that had no landing at the top and was comprised of 19 cement steps, with the basement door being unlocked and located near a general entrance/exit for the tavern. The danger or risk of harm posed to invitees was that a person could bump, fall, lean, or stagger into or against the basement door causing it to open and in turn causing the person to tumble down

the stairway. This is plaintiff's theory of what transpired.[5] The unsafe condition asserted by plaintiff certainly sounds like a hazard to this panel. And assuming it to be a dangerous condition, it was a hazard known to plaintiff due to her employment.[6] We, however, decline to examine whether there existed a genuine issue of material fact regarding whether the assumed hazard had special aspects, thereby precluding summary disposition. See generally *Hoffner*, 492 Mich at 461-464. Instead, we resolve this case on the basis of causation.

" 'In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the . . . cause of the plaintiff's injury, and (4) the plaintiff suffered damages.' " *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013), quoting *Benton v Dart Props Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). A proprietor can be held liable for injuries that result from or are caused by an unsafe condition created by the negligence of the proprietor or employees of the proprietor. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10; 890 NW2d 344 (2016); *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001). Accordingly, the breach of duty by or negligence of a premises possessor, as well as the hazard or dangerous condition created by the negligence, must be the cause of any alleged injuries.

Establishing causation entails proving "two separate elements: (1) cause in fact, and (2) legal cause, also known as 'proximate cause.' " *Skinner*, 445 Mich at 162-163. In *Skinner*, our Supreme Court explained:

---

[5] Another danger or risk of harm posed to invitees was that a person might inadvertently open the door and take one step forward, immediately plunging down the stairway, an event more likely to occur in a premises serving alcohol such as the bar. The bar, however, attempted to warn of this danger with signage on the basement door.

[6] "It is well settled in Michigan that a premises owner must maintain his or her property in a reasonably safe condition and has a duty to exercise due care to protect invitees from conditions that might result in injury." *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 90; 485 NW2d 676 (1992). The *Riddle* Court further explained:

> A negligence action may only be maintained if a legal duty exists which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm. If the plaintiff is a business invitee, the premises owner has a duty to exercise due care to protect the invitee from dangerous conditions. However, *where the dangers are known to the invitee or are so obvious* that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee. [*Id.* at 96 (citations omitted; emphasis added).]

This case does not technically give rise to the open and obvious danger doctrine. Rather, the existence of the assumed hazard was actually *known* by plaintiff, thereby generally eliminating the bar's duty to protect or warn her unless a special aspect existed.

The cause in fact element generally requires showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred. On the other hand, legal cause or "proximate cause" normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences. A plaintiff must adequately establish cause in fact in order for legal cause or "proximate cause" to become a relevant issue. [*Id.* at 163 (citations omitted).]

Circumstantial evidence and reasonable inferences arising from the evidence can be utilized to establish causation. *Id.* at 163-164. But it is not sufficient to proffer "a causation theory that, while factually supported, is, at best, just as possible as another theory." *Id.* at 164. A "plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Id.* at 164-165. "[L]itigants do not have any right to submit an evidentiary record to the jury that would allow the jury to do nothing more than guess." *Id.* at 174. The *Skinner* Court further observed that " '[t]he evidence need not negate all other possible causes' " and that absolute certainty relative to causation is not required. *Id.* at 166, quoting 57A Am Jur 2d, Negligence, § 461, p 442. "Normally, the existence of cause in fact is a question for the jury to decide, but if there is no issue of material fact, the question may be decided by the court." *Genna v Jackson*, 286 Mich App 413, 418; 781 NW2d 124 (2009). A court must dismiss an action when causation remains an issue of pure speculation and conjecture, or the probabilities are evenly balanced at best. *Id.*

As indicated earlier, plaintiff alleged in her complaint "[t]hat upon information and belief, the Plaintiff, while walking towards the exit, fell into the doorway and down the basement steps." In her appellate brief, plaintiff argues that "[t]he evidence shows the basement door was pulled shut prior to the time of her fall, but not locked . . .[;] [h]owever, the basement door was open after the time of her fall." Plaintiff attempts to employ circumstantial evidence and inferences to create a factual issue on causation, arguing that the documentary evidence showed that plaintiff was ready to leave the bar, that she had no reason to go to the basement, that the basement door had been closed, that she was near the basement door, and that the basement door was found open after the fall, thereby indicating that she had fallen or leaned against the closed door and tumbled down the stairway. The evidence does present the *possibility* that the fall occurred as claimed by plaintiff. No one observed or witnessed plaintiff falling down the stairs, but given the nature of her injuries and how she was found, it is reasonable to infer circumstantially that she in fact fell down the stairway from a step of some significant height.

We initially note that plaintiff's theory of the case is at odds with plaintiff's recorded statement made to the insurance agent in which plaintiff claimed that the basement door had been open and that she fell when attempting to close the door after reaching for and missing the doorknob. It is of course *possible* that the fall and injury occurred in such a fashion, but plaintiff is not pursuing the action on the basis that she fell through an open door in an attempt to close it. Another *possibility* is that plaintiff opened the basement door, or went through an already open doorway, and started heading down the stairs, only to fall after having taken a few uneventful

steps.[7]  Indeed, in her deposition, as quoted earlier, plaintiff could not say whether she fell from the top of the stairs or whether she was in the process of walking down the stairs when she fell. In her deposition testimony, statements to police, and her interrogatory answers, plaintiff simply could not recall the accident and what had happened.  And if plaintiff had opened the basement door, or passed through an open door, and started walking down the stairs before falling, she would have avoided the alleged doorway hazard and the cause of the fall would not be attributable to or caused by the alleged unsafe or dangerous condition, especially where plaintiff was personally familiar with the stairway.[8]

Because it was equally as possible that plaintiff's fall was caused by the alleged hazardous condition than that it was *not* caused by the condition, plaintiff, as a matter of law, cannot establish that the cause of her fall and injuries was more likely than not consistent with plaintiff's causation theory.  A jury would ultimately have to guess or speculate whether the alleged unsafe and dangerous condition caused the fall and resulting injuries as alleged by plaintiff.  Thus, the trial court's ruling cannot be sustained.

Reversed and remanded for entry of judgment in favor of the bar.  We do not retain jurisdiction.  Having fully prevailed on appeal, the bar is awarded taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle

---

[7] Given that plaintiff was employed by the bar and was familiar with the basement, it is easily within the realm of possibility that she intended to go to the basement for whatever reason, perhaps to assist or chat with the employee who had gone to the basement to retrieve the soda syrup box, while awaiting her girlfriend.  The police report indicated that employees suggested this possibility.

[8] To the extent that one might argue that had the employee locked the door behind him when going down to the basement, assuming it possible, plaintiff would not have been able to even attempt going down the stairs, the injury simply becomes too attenuated from the alleged unsafe condition, which was predicated on myriad factors.  Plaintiff's argument was not that the dangerous condition was simply a stairway or that the risk involved was merely walking down a flight of stairs.