*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NICHOLAS SECUNDA,

Plaintiff-Appellant,

v

RICHARD GREGORY,

Defendant-Appellee.

UNPUBLISHED
February 21, 2019

No. 340067
Oakland Circuit Court
LC No. 2016-153563-NO

Before: SWARTZLE, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) in this premises liability and statutory landlord liability action. We affirm.

## I. BACKGROUND

Plaintiff was injured when a window pane broke in the home plaintiff rented from defendant. Plaintiff lifted the wood-framed window with the handle. He lifted the window three to four inches and then the handle broke. Plaintiff then placed his hands under the window and continued to raise it. As he pushed the window up, the glass broke, and some of the glass went through his hand and cut his wrist. Plaintiff testified that the window frame "was not stuck per se," but it was hard to push. After the incident occurred, plaintiff saw chipped paint on the exterior of the window. Because of this chipped paint, he concluded that the window frame had been painted shut from the outside, causing the window to get stuck upon opening, and thereby compromising the glass. Plaintiff testified that the interior of the window was not painted shut, but rather, it was painted shut from the outside of the home. Additionally, plaintiff testified that there was no paint around the interior of the window.

Defendant testified that he had never painted the outside of the house during the time that he owned the premises. However, defendant testified that he always painted the interior of the home between tenants, after which he cut along the edge with a razor blade to make sure that the window opened properly. In addition, defendant testified that the window was functioning

properly before plaintiff moved into the home. Plaintiff testified that he had never used that particular window before.

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because there is a genuine issue of material fact as to whether defendant had actual or constructive notice of the defective window, and there is a genuine issue of material fact as to whether defendant breached his statutory duty to keep the rental property fit for its intended use and in reasonable repair.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). A motion for summary disposition under MCR 2.116(C)(10) challenges the "factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A trial court's grant of summary disposition under MCR 2.116(C)(10) is proper when the evidence, "viewed in the light most favorable to the nonmoving party, show[s] that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey*, 500 Mich at 5. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gorman*, 302 Mich App at 116 (quotation omitted).

## III. PREMISES LIABILITY

In a premises liability claim, the duty owed by the landowner depends on whether the person entering the land is categorized as an invitee, licensee, or a trespasser. *James v Alberts*, 464 Mich 12, 19-20; 626 NW2d 158 (2001). "A tenant is an invitee of the landlord." *Benton v Dart Props*, 270 Mich App 437, 440; 715 NW2d 335 (2006). Consequently, a landlord breaches the duty of care to a tenant when the landlord " 'knows or should know of a dangerous condition on the premises of which the [tenant] is unaware and fails to fix the defect, guard against the defect, or warn the [tenant] of the defect.' " See *Lowrey*, 500 Mich at 8, quoting *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). The landlord must actually know of the dangerous condition, or the dangerous condition must be "of such a character or must have existed a sufficient length of time that [the landowner] should have knowledge of it." *Lowrey*, 500 Mich at 10 (citation omitted).

## IV. KNOWLEDGE OF DEFECT

A defendant need not prove a lack of constructive notice in order to be entitled to summary disposition. See *Id*. at 9-10. Rather, a "defendant could establish its entitlement to summary disposition by demonstrating that plaintiff failed to present sufficient evidence of notice." *Lowrey*, 500 Mich at 10. In this case, plaintiff had to establish that defendant knew or should have known of the defect because of its "character or the duration of its presence." *Lowrey*, 500 Mich at 11.

Plaintiff argues that defendant had actual notice of the defective condition of the window because defendant personally painted the interior of the house, including the window. We are

not persuaded that painting the interior of a window necessarily implies knowledge of the exterior of the window. Defendant testified that he never painted the outside of the house during the time that he owned the premises, and plaintiff offered no evidence that defendant did in fact ever paint the exterior of the home. In addition, defendant testified that the window worked properly before plaintiff moved into the residence. Furthermore, plaintiff never discussed any problems regarding the window with defendant before the incident. Consequently, the evidence indicates that defendant did not have actual knowledge of any allegedly defective condition of the window, and plaintiff has not provided any contrary evidence sufficient to establish a genuine question of material fact.

Plaintiff has also failed to establish that defendant had constructive knowledge of the defective window. In *Lowrey*, our Supreme Court found that the plaintiff, who had slipped on the steps of the defendant's diner, had failed to establish constructive notice to the defendant of the hazard's character or that it had existed long enough that the defendant should have had knowledge of it. *Lowrey*, 500 Mich at 11-12. The plaintiff had not presented any evidence of when the condition arose, nor did the plaintiff present any evidence of the character of the condition. *Id*. at 12. The plaintiff only asserted that she believed the stairs must have been wet because her pants were wet. *Id*. The Court found that the plaintiff's assumption "does not support any particular conclusion concerning the character of the condition." *Id*.

Similarly, plaintiff here has only presented his assumption that the glass broke because it had been compromised in some way as a result of the window frame's being painted shut from the outside. The only photograph that plaintiff provided of the window is a picture that shows the broken handle on the inside of the window. There are no photographs of the chipped paint or the condition of the exterior of the window frame. We will nevertheless give plaintiff the benefit of the doubt that there exists a genuine question of fact whether the window actually was painted shut. However, as in *Lowrey*, plaintiff has not presented any evidence from which a trier of fact could infer that defendant should have known the window was defective.

Finally, plaintiff has failed to present evidence that the defect had occurred over a sufficient length of time to impute constructive knowledge to defendant. Plaintiff argues that defendant did not inspect the property since purchasing it in 1995, and if defendant had conducted an inspection, defendant would have noticed that the window was painted shut. However, presuming plaintiff has established that the window *was* painted shut, we note that plaintiff did not present affirmative evidence that defendant had not inspected the premises since 1995. Plaintiff testified only that he did not know the last time defendant inspected or fixed the window. Therefore, plaintiff did not provide any evidence contradicting defendant's testimony that the window was in working order before plaintiff moved in. The trial court correctly found no question of material fact whether the window had been painted shut on the outside and therefore whether the window was defective in the manner plaintiff argues.

## V. STATUTORY LANDLORD LIABILITY

Plaintiff also argues that defendant breached his statutory duties under MCL 554.139 because the window was not fit for its intended use, and the window was not kept in reasonable repair. MCL 554.139(1)(a) provides that the lessor covenants that "the premises and all common area are fit for the use intended by the parties." MCL 554.139(1)(b) provides that the lessor

-3-

covenants "to keep the premises in reasonable repair." A lessor is statutorily liable if the "lessor knew or should have known of the existence of the defects." *Evans v Van Kleek*, 110 Mich App 798, 803; 314 NW2d 486 (1981). As noted earlier, there is no evidence that defendant knew of the defective window. Defendant received no complaints from plaintiff regarding the window before the incident. In addition, defendant testified that the window was functioning properly before plaintiff moving into the home. Plaintiff has not established a genuine question of fact whether defendant knew or should have known of the alleged defect in the window.

## VI. REASONABLE REPAIR

Finally, there is no evidence to establish a genuine issue of material fact whether the premises were fit for their intended use or kept in reasonable repair. In *Allison v AEW Capital Management, LLP*, 481 Mich 419, 429; 751 NW2d 8 (2008), our Supreme Court considered whether a parking lot was fit for its intended purpose after the plaintiff slipped due to one or two inches of snow. Our Supreme Court stated that MCL 544.139(1)(a) "does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot." *Allison*, 481 Mich at 430. "Mere inconvenience of access . . . will not defeat the characterization of a lot as being fit for its intended purpose." *Id*. Plaintiff argues that a window that is painted shut is not fit for its intended use because it cannot be opened or closed; however, plaintiff did not testify that the window was impossible to open or close. In fact, the window opened several inches, and plaintiff characterized it as difficult to open rather than stuck closed. The handle broke after plaintiff opened the window a few inches. After the handle broke, plaintiff attempted to open the window further without the benefit of the handle. Then the glass broke. The window was presumably not in "ideal condition," but plaintiff has not established that it was unfit for its intended use.

Regarding a landlord's duty to keep a premises in reasonable repair, the Court in *Allison* explained that "[t]he plain meaning of 'reasonable repair' as used in MCL 554.139(1)(b) requires repair of a defect in the premises." *Allison*, 481 Mich at 434 (citation omitted). The Court further stated, "[d]amage to the property would constitute an imperfection in the property that would require mending. Therefore, repairing a defect equates to keeping the premises in a good condition as a result of restoring and mending damage to the property." *Id*. Defendant repaired the defect within two days of learning of the incident. Plaintiff has provided no evidence that defendant had prior actual or constructive knowledge that the window was stuck or defective in any way, and thus, he did not have a duty to repair the window before learning of the defect.

## VII. CONCLUSION

There is no genuine question of material fact regarding plaintiff's premises liability claim or plaintiff's statutory liability claim.

Affirmed. Defendant, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Amy Ronayne Krause

-4-