*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PETER CARL MUNSON,

      Plaintiff-Appellant,

v

MENARD, INC.,

      Defendant-Appellee.

UNPUBLISHED
February 17, 2022

No. 356386
Marquette Circuit Court
LC No. 19-058540-NO

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendant in this premises liability case. We affirm.

In November 2016, plaintiff purchased from defendant some PVC pipe that was 10 feet long and four inches in diameter. Plaintiff drove his vehicle to the self-service lumberyard area, showed the guard his receipt, and parked near the area where the pipes were located.

The PVC pipes were stored vertically on shelves that were approximately two to three feet off the ground. There were vertical guards separating the pipes into different diameters, and there was a horizontal guard approximately two-thirds of the way up on the front of the display so the pipes did not fall forward off the shelves. When plaintiff grabbed one of the pipes, another slid down the display and fell on his toe.

Plaintiff sued defendant, alleging a premises liability claim. Defendant filed a motion for summary disposition under MCR 2.116(C)(10). Defendant argued that it did not have actual or constructive notice of the allegedly dangerous condition, the allegedly dangerous condition was open and obvious, and there were no special aspects that made the condition unreasonably dangerous or effectively unavoidable. The trial court concluded that the allegedly dangerous condition was open and obvious without special aspects and granted defendant's motion, dismissing plaintiff's case. This appeal followed.

Plaintiff argues that the trial court erred in concluding the vertically stacked PVC pipes posed an open and obvious danger and the special-aspects exception to the open and obvious doctrine did not apply. We disagree.

We review de novo a trial court's ruling on a motion for summary disposition. *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 11; 930 NW2d 393 (2018). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists to warrant a trial. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999); *Piccione v Gillette*, 327 Mich App 16, 19; 932 NW2d 197 (2019) (quotation marks and citations omitted). If reasonable minds could differ on an issue, a genuine issue of material fact exists. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

In a premises liability action, the plaintiff must establish the elements of negligence: duty, breach, proximate cause, and damages. *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). There is no dispute that plaintiff was an invitee. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). A premises possessor breaches this duty if it "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). "Absent special aspects, this duty does not extend to open and obvious dangers." *Trueblood Estate v P & G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019).

A condition is "open and obvious" if "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. This is an objective standard that is based on the "nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." *Lugo*, 464 Mich at 524. A premises possessor does not have a duty to protect or warn of open and obvious dangers because "such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner*, 492 Mich at 461. "Special aspects" make the open and obvious condition "unreasonable." *Id*. Our Supreme Court has recognized that special aspects exist in two situations: "when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Id*. at 463.

In this case, the trial court did not err by concluding that the open and obvious doctrine applied and that no special aspects existed. An average person with ordinary intelligence would have discovered upon casual inspection the allegedly dangerous condition at issue here, i.e., that removing one PVC pipe out of the elevated, open-bin shelving unit containing several vertically stacked unsecured PVC pipes could result in another pipe sliding and falling out of the display. Further, there was nothing about the display that presented a substantial risk of severe harm or death. Therefore, the trial court did not err by concluding that the "racking system" was a typical open and obvious danger rather than a danger that was unreasonably dangerous. And although plaintiff does not argue that the alleged danger was effectively unavoidable, such an argument

would fail. Plaintiff chose to enter the self-service lumberyard area and load the pipes into his vehicle on his own without seeking assistance.

In summary, the trial court did not err by concluding that the allegedly dangerous condition was open and obvious and no special aspects existed; thus, defendant's motion for summary disposition was properly granted.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan