*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EXCELL WEBB,

      Plaintiff-Appellee,

UNPUBLISHED
March 5, 2019

v

SABUR H. GHAZI, doing business as HIDDEN
HAVEN CONDOMINIUM,

No. 341602
Macomb Circuit Court
LC No. 2016-000898-NO

      Defendant-Appellant.

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's order denying his motion for summary disposition of plaintiff's claim that defendant breached the statutory covenant to keep common areas of leased premises fit for their intended use. For the reasons set forth below, we affirm.[1]

## I. BACKGROUND

Defendant owns the Hidden Haven Condominiums, a set of 12 apartments located in Warren. Plaintiff was a tenant in one of those apartments. On August 27, 2015 plaintiff walked outside his apartment to take out the trash when he tripped and fell, injuring his neck.

---

[1] We review de novo a trial court's decision to deny summary disposition. See *MacDonald v PKT, Inc*, 464 Mich 322, 332; 628 NW2d 33 (2001). Defendant moved for summary disposition under MCR 2.116(C)(10), which tests the factual support for a claim. "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

The apartment complex is arranged in a "U" shape around a courtyard which formerly contained a swimming pool. The swimming pool had been filled in before this incident and there is now grass where the pool once was. The pool was surrounded by a concrete apron, which remained in place after the pool was filled in. A metal fence surrounding the concrete apron was removed with the pool. But portions of metal posts from the former fence remained at points at the edge of the concrete. Defendant testified at deposition that the posts were "hammered" down below ground level. However, plaintiff testified at deposition that he tripped on a protruding piece of metal fence post or pipe sticking out of the ground and fell on the grass. The partial metal fence post which allegedly tripped plaintiff was directly adjacent to a sidewalk which encompassed the concrete apron.

Prior to plaintiff's fall, tenants complained to defendant of the metal posts and the overall state of the sidewalk. Defendant testified that at the time plaintiff fell the paving for the sidewalks was fine, but that the concrete apron was cracked. Shortly after plaintiff's fall defendant had the entire concrete apron, fence posts, and sidewalk removed and a new sidewalk installed. Defendant testified that he had planned to do that before plaintiff tripped and fell on the fence post.

## II. PROCEDURAL HISTORY

Plaintiff sued defendant for common-law premises liability and for breach of his statutory duty to maintain the common premises in a reasonably safe condition under MCL 554.139. Defendant moved for summary disposition, arguing that plaintiff's common law premises liability claim should fail because the metal fence post fragment was open and obvious. Defendant also argued plaintiff's statutory claim under MCL 554.139(1)(a) should fail because the sidewalk was fit for its intended purpose. After hearing oral argument, the trial court granted defendant's motion for summary disposition as to plaintiff's common law premises liability claim, and took plaintiff's statutory claim under advisement.

The trial court then issued a written opinion denying defendant's motion for summary disposition as to plaintiff's statutory claim under MCL 554.139. Initially, the trial court granted defendant summary disposition with respect to MCL 554.139(1)(a). But the trial court determined that there was a question of fact about whether defendant had maintained the sidewalk in reasonable repair under MCR 554.139(b).

Defendant filed a motion for reconsideration, arguing that the trial court erroneously applied MCL 554.139(1)(b) to the sidewalk at issue because that subsection does not apply to common areas such as sidewalks. The trial court agreed. However, on reconsideration the court concluded that there was a question of fact as to whether the sidewalk was fit for its intended use pursuant to MCL 554.139(1)(a).[2]

---

[2] Defendant takes issue with the trial court revisiting its ruling regarding MCL 554.139(1)(a). "As a general matter, courts are permitted to revisit issues they previously decided, even if presented with a motion for reconsideration that offers nothing new to the court." *Hill v City of*

## III. ANALYSIS

### A. STATUTORY COVENANT—COMMON AREAS

Defendant argues that the trial court erred in ruling that a question of fact existed about whether the area where plaintiff fell was fit for its intended use under MCL 554.139(1)(a). We disagree.

"MCL 554.139 provides a specific protection to lessees and licensees of residential property in addition to any protection provided by the common law." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 426; 751 NW2d 8 (2008). MCL 554.139 provides in relevant part:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> * * *
>
> (3) The provisions of this section shall be liberally construed . . . .

Our Supreme Court has defined "common areas" as used in MCL 554.139 as "those areas of the property over which the lessor retains control that are shared by two or more, or all, of the tenants." *Allison*, 481 Mich at 427. This Court has held that an apartment complex sidewalk constitutes a common area under the statute. *Benton v Dart Props*, 270 Mich App 437, 443; 715 NW2d 335; 715 NW2d 335 (2006). In order for a common area to be fit for its intended use, a lessor must keep that area "adapted or suited" for that use. *Id*. at 430. "[T]he intended use of a sidewalk is walking on it . . . ." *Benton*, 270 Mich App at 444.

Defendant contends that the sidewalk which ran adjacent to the concrete pool apron was fit for its intended use because the metal post that allegedly caused plaintiff's fall was embedded in the concrete apron, not the sidewalk. However, this argument overlooks that the apron itself constitutes a common area. That is, the apron was under defendant's control and open to use by all the tenants. And the intended purpose of the apron was, at least in part, to serve as a walkway. The apron was a man-made concrete surface that ran between different areas of the courtyard. The tenants who testified clearly thought of the concrete apron as part of the sidewalk or a walkway unto itself. The testimony also indicates that defendant was aware that the apron

---

*Warren*, 276 Mich App 299, 307; 740 NW2d 706 (2007). Moreover, MCR 2.119(F) grants trial courts "considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *Al-Maliki v LaGrant*, 286 Mich App 483, 486; 781 NW2d 853 (2009). Thus, the trial court did not abuse its discretion in reaching a different conclusion regarding MCL 554.139(1)(a) after defendant filed a motion for reconsideration.

was being used as a walkway by his tenants. Thus, defendant's claim that the apron is distinct from the sidewalk is a distinction without a difference. Regardless of how the apron is characterized, it served as a common walkway.

Having established that the area where plaintiff fell is a common area and that the area was intended for walking, the question becomes whether there could be a reasonable difference in opinion as to whether the area was fit for that purpose. *Hadden v McDemitt Apartments, LLC*, 287 Mich App 124, 130; 782 NW2d 800 (2010). We agree with the trial court that there is a question of fact on that matter. Multiple tenants testified that they complained to defendant of the sidewalk's condition. Specifically, one tenant, Karen Frierson, testified that she complained to defendant after she almost fell on a piece of pipe "sticking out" of the ground. Clearly some of the tenants did not believe that the sidewalk and courtyard were fit for their intended purpose, i.e., to be walked on. Defendant also believed that the sidewalk and concrete apron were in need of repair before plaintiff's fall.[3] For those reasons, we conclude that reasonable minds could disagree about whether the common area was fit for its intended use. In reaching this conclusion, we are mindful that the Legislature has directed us to liberally construe a lessor's statutory covenant to keep common areas fit for their intended purposes. MCL 554.139(3).

## B. CAUSATION

Finally, defendant argues that the trial court erred in denying defendant's motion for summary disposition because plaintiff could not establish a question of fact regarding causation. We disagree.[4]

Defendant relies exclusively on the following passage from plaintiff's deposition:

> *Q*. Do you know what caused you to fall?
>
> *A*. That piece of—probably that metal sticking out of the ground, because we had made reference to that to Mr. Saburo—or Mr. S, too many times. Actually, everybody complained about the overall state of the sidewalks there.

Defendant asserts that because plaintiff used the word "probably" there is inadequate proof of causation.[5] However, the very next question and answer in plaintiff's deposition reads:

---

[3] We agree with defendant that evidence that he removed and replaced the sidewalk and concrete apron after plaintiff's fall is not admissible to prove that the common area was not fit for its intended use. See MRE 407. However, defendant's testimony that he intended to repair that area *before* plaintiff's fall does not involve a post-injury remedial action and is therefore admissible to show that the area needed repair. See *Downie v Kent Prod, Inc*, 420 Mich 197, 209; 362 NW2d 605 (1984).

[4] Although the trial court did not decide this issue, defendant raised it in his motion for summary disposition. Appellate courts can address issues that were raised before the trial court but not decided. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994).

*Q.* So you're claiming you tripped on the piece of metal depicted in Exhibit 2?

*A.* Yeah.

Thus, plaintiff made clear that the metal sticking up through the ground shown on exhibit 2 was the cause of his fall and so defendant's claim that there is no proof of causation fails. Moreover, at several other points in the deposition, plaintiff again pointed out the metal protrusion on various photographs as the cause of his fall. In addition, plaintiff's fiancée, Tracie Kelley, testified that she observed him fall and pointed out what she described as the object in the middle of exhibit 1, a photograph which shows the metal protrusion in the middle of the photo. In sum, plaintiff's and Kelley's testimony provides more than sufficient evidence to allow a reasonable jury to find causation.

Affirmed.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

[5] Even in the absence of other testimony the use of the word "probably" would not render defendant's testimony speculative. "Although causation cannot be established by mere speculation, a plaintiff's evidence of causation is sufficient at the summary disposition stage to create a question of fact for the jury if it establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support." *Patrick v Turkelson*, 322 Mich App 595, 617; 913 NW2d 369 (2018) (quotation marks and citations omitted). Plaintiff's statement that he "probably" tripped on a metal post would not be mere conjecture, but rather a reasonable deduction based on the known circumstances. See *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993) ("A conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference."). And the burden of proof is by the preponderance of the evidence, i.e., that the evidence shows that plaintiff's fall was "more probably than not" the metal protrusion. Thus, even had plaintiff not confirmed at several other points in the deposition that the metal protrusion caused his fall, summary disposition on causation grounds would have been improper.