*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA NELSON,

        Plaintiff-Appellant,

v

DART PROPERTIES II, LLC,

        Defendant-Appellee.

UNPUBLISHED
September 19, 2019

No. 344405
Macomb Circuit Court
LC No. 2017-002479-NO

Before: BORRELLO, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right an order granting summary disposition to defendant. Because defendant violated no statutory duty owed to plaintiff and because the ice plaintiff asserts she slipped on was open and obvious, with no applicable special aspects, we affirm.

On the afternoon of January 13, 2016, plaintiff left her apartment building in Clinton Township to run errands. The apartment building is owned and operated by defendant. After plaintiff left, it began snowing, and defendant's maintenance workers salted and shoveled throughout the apartment complex from 3:30 p.m. to 4:55 p.m. Plaintiff had to remove snow from her vehicle multiple times before she returned home that day. Upon her return home at approximately 9:00 p.m., plaintiff parked her vehicle, crossed the parking lot, and approached the only sidewalk connecting her apartment to the parking lot. Plaintiff slipped and fell on an unseen patch of ice as she stepped up onto the sidewalk. After plaintiff regained her footing, she walked to her apartment without incident. Plaintiff went to the emergency room three days after her fall and asserts that she injured her head, neck, left shoulder, and left hand in the fall.

In June 2017, plaintiff filed a complaint alleging that defendant violated common law and statutory duties to keep the sidewalk free of ice. Defendant moved for summary disposition under MCR 2.116(C)(8) and (10), and the trial court granted the motion, dismissing plaintiff's complaint. This appeal followed.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (10). The trial court, however, did not specify under which subrule it granted summary disposition. "[B]ecause

the resolution of the motion required consideration of evidence outside the pleadings, we will treat the motion as having been decided under MCR 2.116(C)(10)." *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 776; 910 NW2d 666 (2017).

A trial court's summary disposition ruling is reviewed de novo. *Walters v Nadell*, 481 Mich 377, 381; 751 NW2d 431 (2008). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Summary disposition "is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient." *McNeill-Marks v Midmichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

Additionally, "issues of statutory interpretation are reviewed de novo." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006). When the language of a statute is clear and unambiguous, this Court "will apply the statute as written and judicial construction is not permitted." *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011).

Plaintiff first argues that the trial court erred in finding that defendant did not breach a statutory duty owed to her under MCL 554.139. We disagree.

MCL 554.139 states, in relevant part:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants willful or irresponsible conduct or lack

"[T]he open and obvious danger doctrine is not available to deny liability when the defendant has a statutory duty to maintain the premises in reasonable repair." *Benton v Dart Properties, Inc*, 270 Mich App 437, 441; 715 NW2d 335 (2006).

As explained in *Benton*, 270 Mich App at 442-443, sidewalks are common areas under MCL 554.139:

First, sidewalks such as the one in question are located within the parameters of the apartment structure. They are constructed and maintained by the landlord or those in the landlord's employ. Second, sidewalks leading from apartment buildings to adjoining parking lots are common areas for tenants because all tenants who own and park their vehicles in the spaces allotted to them by their landlord rely on these sidewalks to access their vehicles and apartment buildings. Additionally, any person residing in an apartment complex must utilize the sidewalk provided by the landlord every time the tenant wishes to enter or exit his or her dwelling. Therefore, the sidewalks constitute common areas used by tenants.

The intended use of a sidewalk is for people to walk on it. See *Estate of Trueblood v P&G Apartments, LLC*, ___ Mich App ___; ___ NW2d ___ (2019) (Docket No. 340642); slip op at 7; *Benton*, 270 Mich App at 444. While ice can make a common area unfit for its intended use, a landlord is not required to maintain a common area "in an ideal condition" and "[m]ere inconvenience of access" is insufficient to establish that a common area is not fit for its intended purpose. *Allison*, 481 Mich at 430. A sidewalk that has ice on it, but is not completely covered by ice, is still fit for its intended use. *Estate of Trueblood*, slip op at 7-8. Rather, a sidewalk must be "completely covered in ice" for it to be unfit for its intended use because such a condition would present more than a mere inconvenience; it would force tenants to walk on ice. *Id*. at 7.

No evidence established that the sidewalk plaintiff slipped on was completely covered in ice. In her deposition, plaintiff testified that before she left, there was no snow or ice on the sidewalk and she had no difficulty traversing it. Plaintiff testified that while she was running errands, it began snowing. She testified that upon her return, there was snow in the parking lot, but she did not slip on it. According to plaintiff, there was snow on the sidewalk as well. Plaintiff testified that there was also ice on the sidewalk, which caused her to fall, and that she was able to tell it was ice due to the fact that she slipped on it. Plaintiff testified that she saw a "glaze" of ice on the sidewalk, apparently under the snow, after she fell.[1]

Christian Byrd (Byrd), the maintenance supervisor at the apartment complex, conceded that it was possible for ice to melt and refreeze because of the salt placed on the sidewalk. Byrd's deposition testimony and defendant's snow-removal log showed that the sidewalks in the apartment complex were shoveled and salted after defendant left to run her errands on January 13, 2016.

While plaintiff testified that she slipped on ice-covered snow on the sidewalk, she was also able to safely traverse the rest of the sidewalk to her apartment without falling again after she regained her footing. Plaintiff has thus not established that the sidewalk was completely covered in ice. See *Estate of Trueblood*, slip op at 7. Any argument to the contrary amounts to

---

[1] Weather data for the area for January 13, 2015, shows a high temperature of 18 degrees Fahrenheit and a low temperature of 14 degrees Fahrenheit.

pure speculation. Thus, there is no dispute of material fact that the sidewalk plaintiff slipped on was fit for its intended use.

Plaintiff additionally argues that the sidewalk was not properly maintained (i.e., kept in reasonable repair) because it accumulated snow and ice at a greater rate than other sidewalks in the apartment complex. Plaintiff, however, failed to cite any authority establishing that the duty a landlord owes tenants under MCL 554.139 changes on the basis of a feature's supposed unique characteristics. As such, the argument is abandoned. See *Unibar Maintenance Servs, Inc v Saigh*, 283 Mich App 609, 628-629; 769 NW2d 911 (2009) ("Defendants cite no authority in support of this proposition and, thus, we consider this argument abandoned."). Thus, defendant did not breach any duty owed to plaintiff under MCL 554.139(1)(a).[2]

Plaintiff additionally argues that defendant failed to adequately maintain the apartment complex's premises as required by MCL 125.471. We note that in her response to defendant's motion for summary disposition, plaintiff only addressed MCL 554.139(1)(b). No argument was raised by plaintiff or addressed by the trial court concerning her claim in the complaint that defendant violated MCL 125.471. Thus, plaintiff's argument on appeal relative to MCL 125.471 is unpreserved.

Unpreserved issues are reviewed for plain error. *Hogg v Four Lakes Ass'n, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 335-336; 612 NW2d 838 (2000) (quotation marks omitted), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (alteration in original, citation and quotation marks omitted).

MCL 125.471 states:

> Every dwelling and all the parts thereof including plumbing, heating, ventilating and electrical wiring shall be kept in good repair by the owner. The roof shall be so maintained as not to leak and the rain water shall be drained and conveyed therefrom through proper conduits into the sewerage system in accordance with plumbing regulations so as to avoid dampness in the walls and ceilings and insanitary conditions.

Although this statute imposes an obligation to maintain the roof of a dwelling and to drain rain water, it "specifically provides that the duty is imposed to avoid dampness in the walls and

---

[2] Plaintiff cited MCL 554.139(1)(b) in her brief on appeal, but failed to make any argument or cite to any authority showing that defendant failed to keep the premises in reasonable repair under MCL 554.139(1)(b). Thus, the issue is abandoned. See *Unibar Maintenance Servs, Inc*, 283 Mich App at 628-629.

ceilings and insanitary conditions." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 699; 822 NW2d 254 (2012) (quotation marks omitted). MCL 125.471, therefore, "plainly does not impose a duty to remove snow and ice on the grounds outside the dwelling." *Id.*

In his deposition, Byrd testified that the sidewalk was "particularly susceptible to dripping" because it was between two corner buildings. As such, it was treated for wintery conditions more heavily than other sidewalks. Byrd, however, did not testify that the "dripping" was caused by any leaks or drainage issues. Similarly, plaintiff has not presented any evidence that the dripping was caused by a malfunction in or on the roof or any part of the buildings themselves. Rather, plaintiff argues that the placement of the sidewalk itself was as defect. MCL 125.471, however, only addresses a landlord's duty to *maintain* dwellings in good repair. MCL 125.471; *Buhalis*, 296 Mich App at 699. Accordingly, MCL 125.471 does not apply to design defects such as the placement of sidewalks. Plaintiff's argument, having failed to make any meritorious argument that any of the apartment buildings in the apartment complex were not kept in good repair, premised on MCL 125.471 fails.

Plaintiff next argues that defendant negligently maintained the sidewalk she slipped on such that it is liable to her under a premises liability theory. Specifically, plaintiff argues that the ice she slipped on was not open and obvious and that, even if it was, special aspects of the condition removed it from application of the open and obvious doctrine. We disagree.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton*, 270 Mich App at 440. The duty owed to an individual by a landowner depends on whether they were a trespasser, licensee, or invitee at the time of their injury. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). "Tenants are regarded as their landlord's invitees," *Woodbury v Bruckner (On Remand)*, 248 Mich App 684, 691-692; 650 NW2d 343 (2001), and an invitor owes no duty to warn an invitee about a danger that is "open and obvious" because, by their very nature, open and obvious dangers "appraise an invitee of the potential hazard" and provide the invitee with an opportunity to avoid the hazard, *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012).

A danger is open and obvious if an average person of ordinary intelligence "would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. The determination of whether a danger is open and obvious is "an objective standard, calling for an examination of 'the objective nature of the condition of the premises at issue.' " *Id*. However, an invitor can still be held liable for an invitee's injuries from an open and obvious hazard if special aspects are present. *Id*. When special aspects exist, an invitor must "take reasonable steps to protect an invitee from that unreasonable risk of harm." *Id*. The Supreme Court has "recognized two instances in which special aspects of an open and obvious hazard give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Id*. at 463 (emphasis in original). Both types of special aspects represent dangers that "give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided and thus must be differentiated from those risks posed by ordinary conditions or typical open and obvious hazards." *Id*. (quotation marks and citation omitted). Furthermore, "when a plaintiff demonstrates that a special aspect exists or that there is a genuine issue of material fact regarding

whether a special aspect exists, tort recovery may be permitted if the defendant breaches his duty of reasonable care." *Id*.

Regarding winter weather conditions and whether a condition is open and obvious, "Michigan courts . . . ask whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Hoffner*, 492 Mich at 464. Even in situations where there is "low lighting," the presence of wintry conditions and ice on the ground render the risk of "black" ice an open and obvious condition such that a reasonable prudent person would foresee the danger of slipping and falling. *Ragnoli v North Oakland-North Macomb Imaging, Inc*, 500 Mich 967; 892 NW2d 377 (2017). Plaintiff was admittedly aware of the presence of snow and wintery conditions on January 13, 2016. Thus, the snow and ice she slipped on was an open and obvious condition. See *id*.

Nevertheless, plaintiff contends that the icy condition of the sidewalk was effectively unavoidable and unreasonably dangerous. As our Supreme Court explained in *Hoffner*, 492 Mich at 469:

> [T]he standard for "effective unavoidability" is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so.

As an example of an effectively unavoidable condition, *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517-520; 629 NW2d 384 (2001), described a scenario in which a commercial building only had one exit available to the public and the exit was covered in water. While the water presented an open and obvious danger, it was also effectively unavoidable because it blocked the only exit. *Id*. In contrast, when an individual has an alternate route available to them or has the option to wait until conditions improve, they are not faced with an effectively unavoidable condition. See *Joyce v Rubin*, 249 Mich App 231, 241-243; 642 NW2d 360 (2002).

Plaintiff failed to present any evidence showing that she was required to step onto the sidewalk from the parking lot at the specific location she chose to do so. Snow was present, after all, on both surfaces. Additionally, as explained earlier, plaintiff has failed to show or create a question of material fact that the sidewalk was *completely* covered in snow and ice. As such, plaintiff could have simply walked around the ice while staying on the sidewalk. Plaintiff also could have called the apartment complex's answering service and asked for a maintenance worker to come and clear her sidewalk. Thus, the ice plaintiff slipped on was not effectively unavoidable. See *Hoffner*, 492 Mich at 469; *Joyce*, 249 Mich App at 241-243.

Finally, a condition is unreasonably dangerous if it presents "a substantial risk of death or severe injury." *Lymon v Freedland*, 314 Mich App 746, 759-60; 887 NW2d 456 (2016) (quotation marks and citation omitted). Michigan courts "have repeatedly held that ice and snow

generally do not meet this threshold." *Id*. at 760. Plaintiff has not shown that the ice she slipped on presented a substantial risk of death or severe injury or any risk different from that ordinarily posed by ice or snow. Thus, the ice she slipped on was not an unreasonably dangerous condition. See *id*. at 759-760.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto