*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANETTE OPRISIU,

      Plaintiff-Appellant,

UNPUBLISHED
July 2, 2020

v

No. 348161
Wayne Circuit Court
LC No. 18-001032-NO

ACY, LLC,

      Defendant-Appellee.

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

In this slip-and-fall action, plaintiff appeals as of right the trial court's order granting summary disposition to defendant. The trial court ruled that defendant was entitled to summary disposition because the condition that plaintiff slipped on was open and obvious. We affirm.

## I. BACKGROUND

On February 12, 2016, plaintiff, a lifelong Michigan resident, slipped and fell in a parking lot owned by defendant while getting out of her car to go to a restaurant connected to the parking lot. Plaintiff estimated that she arrived at the parking lot between 4:00 and 5:00 p.m.

Plaintiff could not remember whether it was snowing, but described the conditions outside as "[c]old and dreary." A weather report from the day of the incident showed that the temperature was well below freezing all day, that there was "light" or "light to moderate" snow from noon until the time of the incident, and that the snow depth was approximately two inches. Plaintiff testified that there was snow on the ground, though she could not remember how much, and that she was wearing winter boots and a winter coat.

Plaintiff testified that when she pulled into the parking lot, she saw slush was covering "[t]he whole parking lot." Plaintiff testified that she could not remember if there was any ice, but said "you can't see ice obviously, with the way the snow looked, it looked slushy, and with me driving in, it wasn't slippery."

Plaintiff testified that she fell in the parking lot as she was getting out of her car.  Plaintiff explained:

> I take my seat belt off, I put my hand on the, you know, to open up the door, I've got my hand on the steering wheel, as I go to get out of my car, now my hand's up on top of the door panel where the window and the door panel meet, I get my left foot out, my hand is still on the steering wheel.  As soon as I put weight on my right foot, I totally slipped and fell.  My back is—is where the, you know, where the bottom car is where the—where you can step into—what is that called, the step before you get in the car?
>
> * * *
>
> The running board.

Plaintiff testified that she did not know what caused her to fall, but she saw slush all over the parking lot, and that "it seemed" like the cause of her fall "was the way the parking lot was," meaning "[s]lushy, didn't look maintained."  Plaintiff later testified that "[p]ossibly ice" caused her to fall, and when pressed further, stated:

> It happened so fast with me getting out of my car, as soon as I put my right foot and had my balance is when I totally slipped and fell, so I don't know with the slush, maybe there was ice on top of the blacktop that could have—blacktop already, when wet is slippery, as you know, so I don't know.

Plaintiff said that after she slipped, she got up and went into the restaurant.

On January 26, 2018, plaintiff filed a claim alleging that defendant was negligent under a premises-liability theory for failing to remove the ice, snow, "or other dangerous conditions" from the parking lot.  Eventually, defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's recovery was barred because the slush that she slipped on was open and obvious.  In response, plaintiff argued that the condition that she slipped on was not open and obvious because "any reasonable inference" from the evidence "makes it clear that it was something other than the slush that caused [plaintiff's] fall."  Plaintiff contended that "[s]lush is not necessarily a slippery substance" and that a person can generally traverse through slush "without a lot of difficulty," so the only reasonable conclusion was that "the slush [was] hiding a much more slippery substance" that was not open and obvious.

The trial court held a hearing on defendant's motion.  After hearing the parties' arguments, the trial court held that the condition that caused plaintiff to fall, whether it was the slush or ice under the slush, was open and obvious because "[t]he presence of slush and the weather conditions on the day in question [was] sufficient indicia of a potentially hazardous condition."

Plaintiff now appeals.

## II. STANDARD OF REVIEW

Appellate courts review de novo a trial court's grant of summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). Defendant moved for summary disposition in relevant part under MCR 2.116(C)(10). In *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999), our Supreme Court explained the standard for a motion under MCR 2.116(C)(10) as follows:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.

A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## III. ANALYSIS

Plaintiff contends that the trial court erred by ruling that the complained-of condition was open and obvious. We disagree.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Properties, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). Plaintiff was a customer on defendant's property, so defendant owed plaintiff a duty "to exercise reasonable care to protect [plaintiff] from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). Absent special aspects, this duty does not extend to open and obvious dangers. *Id*. at 516-517. "Generally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 694; 822 NW2d 254 (2012), quoting *Royce v Chatwell Club Apartments*, 276 Mich App 389, 392; 740 NW2d 547 (2007) (quotation marks omitted).

Plaintiff contends on appeal that she could not have slipped on slush because slush is not slippery, and so the only explanation for her fall is that she slipped on ice that was beneath the slush.[1] While we question plaintiff's assertion that she could not have possibly slipped on slush,

---

[1] Plaintiff appears to contend on appeal that she did not slip on slush *or* ice, but on "a much more dangerous condition." This argument is meritless; there is simply no evidence that plaintiff slipped on some unidentified, highly slippery substance. Such an argument is entirely conjecture—"an

it is ultimately irrelevant whether plaintiff slipped on ice or slush because either condition was open and obvious. This Court recently reiterated that " 'the presence of wintery weather conditions and of ice on the ground elsewhere on the premises rendered the risk of a black ice patch open and obvious such that a reasonably prudent person would foresee the danger of slipping and falling in the parking lot.' " *Estate of Trueblood v P&G Apartments*, LLC, 327 Mich App 275, 287; 933 NW2d 732 (2019), quoting *Ragnoli v North Oakland-North Macomb Imaging, Inc*, 500 Mich 967 (2017).

In this case, wintry conditions were clearly present. Defendant produced weather reports showing that the temperature had been well below freezing since the day before plaintiff's fall, and that it had been lightly snowing in the area of plaintiff's fall for the four hours before her fall. Plaintiff testified that she was wearing a winter coat and winter boots. Further, and importantly, plaintiff, who was a life-long Michigan resident, readily observed the wintry conditions of the parking lot. Plaintiff testified that when she pulled into the parking lot, she saw that "the whole parking lot" was covered in slush. Because snow and ice are generally open and obvious, *Buhalis*, 296 Mich App at 694, plaintiff admitted that she saw the that the entire parking lot was covered with slush, and "the presence of wintery weather conditions" would have alerted "a reasonably prudent person" to "the danger of slipping and falling," *Estate of Trueblood*, 327 Mich App at 287 (quotation marks and citation omitted), the ice or slush that plaintiff slipped on was open and obvious. See *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935 (2010) ("Here, the slip and fall occurred in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling during the period prior to the plaintiff's fall in the evening. These wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection.").

Plaintiff contends that this case is akin to *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008), where this Court held that a patch of black ice was not open and obvious. In making its ruling, the *Slaughter* Court considered the conditions that surrounded the plaintiff's fall and explained:

---

explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." *Skinner v Square D Co*, 445 Mich 153, 164; 516 NW2d 475 (1994) (quotation marks and citation omitted). Conjecture cannot create a question of fact. *Estate of Trueblood v P&G Apartments*, LLC, 327 Mich App 275, 289; 933 NW2d 732 (2019).

But there is a question of fact whether plaintiff slipped on ice that was beneath the slush. Plaintiff testified repeatedly that she slipped, and she testified that the cause of her slipping was "[p]ossibly ice." Though plaintiff did not testify that she saw the ice, this goes to the weight of her testimony. See *id*. at 286 ("Although [the witnesses] did not see any ice, this goes to the weight of their testimonies about the ice, not to whether there was in fact ice on the sidewalk."). Viewing the evidence in the light most favorable to plaintiff, her testimony that it was slippery and that she believed that ice could have caused her to fall was sufficient to create a question of fact whether she slipped on ice.

With regard to whether other evidence of an open and obvious danger existed in this case, there was no snow on the ground, and it had not snowed in a week. Before alighting from her truck, plaintiff did not observe anyone else slip or hold onto an object to maintain his or her balance. She did not see the ice before she fell, and could not readily see it afterwards. Although it was starting to rain at the time of plaintiff's fall, the danger and risk presented by a wet surface is not the same as that presented by an icy surface. Contrary to defendant's assertion that the mere fact of it being wintertime in northern Michigan should be enough to render any weather-related situation open and obvious, reasonable Michigan winter residents know that each day can bring dramatically different weather conditions, ranging from blizzard conditions, to wet slush, to a dry, clear, and sunny day. [*Id.*]

Based on the conditions surrounding plaintiff's fall in this case, we conclude that this case is clearly not analogous to *Slaughter*.

Plaintiff contends that *Slaughter* stands for the proposition that courts should "not focus on the wintry conditions." This is incorrect. In an order issued after *Slaughter*, our Supreme Court explained that *Slaughter* was correctly decided because it considered whether black ice was "open and obvious when there are 'indicia of a potentially hazardous condition,' including the 'specific weather conditions present at the time of the plaintiff's fall.' " *Janson*, 486 Mich at 935, quoting *Slaughter*, 281 Mich App at 483. Thus, courts *should* consider the weather conditions surrounding a plaintiff's fall because they weigh directly on whether there were sufficient indicia of a potentially hazardous condition of which plaintiff should have been aware. For the reasons already explained, based on the weather conditions surrounding plaintiff's fall and her acknowledgment that the slush and wintry conditions of the parking lot were readily observable, the slush or ice that plaintiff slipped on was open and obvious.

Because the complained-of condition was open and obvious, we need not address whether plaintiff's claim was based on conjecture or whether defendant had notice of the complained-of condition.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien
/s/ James Robert Redford

-5-