*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN WALKER,

Plaintiff-Appellant,

UNPUBLISHED
August 12, 2021

v

No. 353720
Macomb Circuit Court
LC No. 2019-001645-NO

RIVERCREST ARMS APARTMENTS, LLC,

Defendant-Appellee.

Before: SAWYER, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff slipped and fell in the parking lot of his apartment complex, which was owned and operated by defendant, between 9:00 a.m. and 10:00 a.m. on Friday, February 2, 2018. Plaintiff had not left his apartment since the previous Sunday. Each apartment in the complex is assigned a parking space, and the back entrance to plaintiff's building leads to the parking lot. That morning, plaintiff noticed that snow and ice had been cleared from the sidewalk leading from the building to the parking lot, but did not see that any salt had been applied to the sidewalk. According to plaintiff, the parking lot that day was covered in about 2 inches of snow with ice underneath, and had been in that condition since the previous Sunday. Plaintiff walked out to his car, intending to drive to the bank to withdraw money for rent and other bills, and slipped and fell. Plaintiff suffered a broken ankle, which required surgery.

On April 24, 2019, plaintiff filed suit against defendant, alleging negligence, premises liability, and nuisance. Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that plaintiff's claims sounded only in premises liability and that the condition of the parking lot was open and obvious with no special aspects. Defendant further argued that, to the extent plaintiff had alleged such a claim, defendant did not breach its statutory duty to keep the parking lot fit for its intended use. Plaintiff argued in response that defendant had not exercised reasonable care in maintaining the parking lot, that defendant had failed to meet its statutory

-1-

obligation to maintain the parking lot, that there were special aspects to the hazardous condition of the parking lot, and that the open and obvious doctrine did not apply.

After a hearing on defendant's motion, the trial court issued a written opinion and order granting defendant's motion for summary disposition. The trial court first held that plaintiff's common-law claims sounded only in premises liability.[1] The court then held that summary disposition was properly granted on plaintiff's premises liability claim because the snowy and icy condition of the parking lot was open and obvious, and there were no special aspects because the hazard was not unreasonably dangerous or effectively unavoidable. More specifically, the court reasoned that the hazard was not effectively unavoidable because plaintiff had avoided the hazard five days before his fall, and he could have chosen to not leave his apartment on the day of his fall. Interpreting plaintiff's complaint as also asserting that the parking lot was not fit for its intended use, the trial court also held that summary disposition was properly granted on a claim under MCL 554.119(1), because the snow and ice accumulation had not rendered the parking lot inaccessible to vehicles and their owners.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). In this case, defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10). Although the trial court stated that defendant's motion was granted under both MCR 2.116(C)(8) and (C)(10), the court relied on evidence outside the pleadings. A court may not consider facts outside the pleadings in deciding a motion under MCR 2.116(C)(8). *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999). Therefore, we will analyze the trial court's order as arising under MCR 2.116(C)(10).

A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 160. "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. Summary disposition under MCR 2.116(C)(10) is properly granted when there is no genuine issue of material fact. *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*.

## III. PLAINTIFF'S STATUTORY CLAIM UNDER MCL 554.139

Plaintiff argues that the trial court erred by granting summary disposition in favor of defendant, because there was a genuine issue of material fact regarding whether defendant had fulfilled its statutory duty under MCL 554.139 to maintain the parking lot in a condition fit for its intended use. We disagree.

---

[1] Plaintiff does not challenge on appeal the dismissal of his negligence or nuisance claims.

MCL 554.139 provides, in relevant part:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

The Michigan Supreme Court has held that an apartment complex parking lot is a common area under MCL 554.139 because "it is accessed by two or more, or all, of the tenants and the lessor retains general control." *Allison v AEW Capital Management LLP*, 481 Mich 419, 428; 751 NW2d 8 (2008). To satisfy the statutory duty to keep a parking lot fit for intended use, "a lessor has a duty to keep the parking lot adapted or suited for the parking of vehicles." *Id*. at 429. "A lessor's obligation under MCL 554.139(1)(a) with regard to the accumulation of snow and ice concomitantly would commonly be to ensure that the entrance to, and exit from, the lot is clear, that vehicles can access parking spaces, and that tenants have reasonable access to their parked vehicles." *Id*. A parking lot's intended purpose is to park vehicles, and "[w]alking in a parking lot is secondary to the parking lot's primary use." *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 132; 782 NW2d 800 (2010).

The statute does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot. Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes. [*Allison*, 481 Mich at 430.]

Plaintiff argues that the trial court erred, because the parking lot was completely covered in snow and ice, and a question of fact existed regarding whether defendant had complied with its statutory duty. To support this argument, plaintiff relies on *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275; 933 NW2d 732 (2019). In *Estate of Trueblood*, this Court held that there was a question of fact over whether an apartment complex sidewalk was fit for its intended use when it was completely covered in snow and ice. *Id*. at 292. Plaintiff argues that this holding should likewise apply to parking lots completely covered in snow and ice. We disagree. Sidewalks and parking lots have different intended uses. The intended purpose of a sidewalk is to walk on it, *id*., while the intended use for a parking lot is to store vehicles, *Allison*, 481 Mich at 429. In *Estate of Trueblood*, we held that a sidewalk completely covered in ice was not fit for its intended use as a place for pedestrians to walk safely. *Estate of Trueblood*, 327 Mich App at 291. This holding has no bearing on whether a parking lot is fit for its intended use of parking vehicles, whether cars can access parking spaces, or whether tenants have reasonable access to their parked cars. *Allison*, 481 Mich at 429.

Further, the hazard in this case is virtually indistinguishable from the hazard in *Allison*. In *Allison*, the parking lot was covered by 1 to 2 inches of snow and there was ice visible where the snow was displaced. *Id*. at 423. Similarly, the evidence presented to the trial court in this case was that there were approximately 2 inches of snow covering ice in the parking lot. The Supreme Court explained in *Allison* "[w]hile a lessor may have some duty under MCL 554.139(1)(a) with regard to the accumulation of snow and ice in a parking lot, it would be triggered only under much

more exigent circumstances than those obtaining in this case." *Allison*, 481 Mich at 430. *Allison* compels the same result here.

We note also that there was also no evidence that cars could not access and use the parking lot. *Id.* at 429. In fact, after plaintiff's fall, he and his roommate drove plaintiff's car to the bank, accessed the apartment complex again to pay their rent, then left again to take plaintiff to the hospital. The trial court did not err by granting summary disposition in favor of defendant on plaintiff's statutory claim. *El-Khalil*, 504 Mich at 160.[2]

## IV. PREMISES LIABILITY

Plaintiff also argues that the trial court erred by granting summary disposition in favor of defendant on his premises liability claim, because there was a question of fact regarding whether the hazardous condition of the parking lot was effectively unavoidable. We disagree.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). A tenant is an invitee of the landlord. *Id*. A landlord "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by dangerous conditions on the land." *Lugo v Ameritech Corp Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). "However, Michigan law is clear that a landowner does not have to protect invitees from open and obvious dangers, because 'such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid.' " *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 409; 864 NW2d 591 (2014), quoting *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012). "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. "Generally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." *Royce v Chatwell Club Apartments*, 276 Mich App 389, 392; 740 NW2d 547 (2007). But a landlord does have a duty to invitees regarding open and obvious hazards when "special aspects" are present. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). Special aspects are present under two circumstances: "(1) the hazard is, in and of itself, unreasonably dangerous or

---

[2] Plaintiff also argues that the trial court erred by not viewing defendant's documentary evidence in the light most favorable to plaintiff as the nonmoving party. Specifically, defendant presented an unsigned receipt from a snow removal company stating that it had salted the parking lot on February 1, 2018, the day before plaintiff's fall. Plaintiff's argument is irrelevant; while the trial court referred to defendant's evidence in making its ruling, it also stated that "even if Defendant had not presented documentary evidence that its snow removal company salted the parking lot the day before the subject incident, the presence of a few inches of snow and ice on a parking lot does not render it unfit for its intended use." Nor does our affirmance of the trial court's holding depend on such evidence.

-4-

(2) the hazard was rendered unreasonably dangerous because it was effectively unavoidable for the injured party." *Bullard*, 308 Mich App at 410.

Plaintiff does not dispute that the hazard was open and obvious, but argues that special aspects were present because the hazard caused by the snow and ice in defendant's parking lot was effectively unavoidable. We disagree.

"Unavoidability is characterized by an *inability to be avoided*, an *inescapable* result, or the *inevitability* of a given outcome." *Hoffner*, 492 Mich at 468. An effectively unavoidable hazard "must truly be, for all practical purposes, one that a person is required to confront under the circumstances." *Id*. at 472. "Put simply, the plaintiff must be 'effectively trapped' by the hazard." *Bullard*, 308 Mich App at 412. The Michigan Supreme Court gave the following example of an effectively unavoidable hazard:

> An illustration of such a situation might involve, for example, a commercial building with only one exit for the general public where the floor is covered with standing water. While the condition is open and obvious, a customer wishing to exit the store must leave the store through the water. In other words, the open and obvious condition is effectively unavoidable. [*Lugo*, 464 Mich at 518.]

A situation in which a plaintiff "has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Hoffner*, 492 Mich at 468-469.

In this case, taken in the light most favorable to the plaintiff, *El-Khalil*, 504 Mich at 160, the parking lot on the day of plaintiff's fall was entirely covered in snow and ice, such that there was no safe path to plaintiff's car. However, plaintiff has not demonstrated that he had no choice but to confront the hazard. Plaintiff testified that he left his apartment in order to obtain money to pay his rent and other bills, because he planned to be out of town the following week. Plaintiff did not testify, and the evidence does not otherwise establish, that he had no choice but to attempt to cross defendant's parking lot at that precise time despite the presence of ice and snow. The record contains no evidence that distinguishes the hazard in this case from the typical open and obvious hazard that ice and snow in winter presents. *Royce*, 276 Mich App at 390. As our Supreme Court has observed: "Michigan, being above the 42nd parallel of north latitude, is prone to winter. And with winter comes snow and ice accumulations on sidewalks, parking lots, roads, and other outdoor surfaces." *Hoffner*, 492 Mich at 468. Had plaintiff not wanted to encounter the hazard presented by defendant's parking lot, which he successfully encountered under the same conditions both before and after the incident, he simply could have chosen not to do so at that time.

Affirmed.

/s/ David H. Sawyer
/s/ Mark T. Boonstra
/s/ Michelle M. Rick