*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW A. STOUT,

      Plaintiff-Appellant,

v

CINDY M. CHAPMAN,

      Defendant-Appellee.

UNPUBLISHED
November 9, 2021

No. 355608
Muskegon Circuit Court
LC No. 20-000826-NI

Before: MURRAY, C.J., and M. J. KELLY and O'BRIEN, JJ.

M. J. KELLY, J. (*dissenting*).

The question before us is simply to determine if a genuine issue of material fact exists as to whether defendant had constructive notice of the deteriorated condition of the stairs leading into her basement. Although our review of the trial court's decision is de novo, *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012), we, like the trial court, must consider the evidence submitted "in the light most favorable to the nonmoving party," *Lowrey v LMPS & LMPJ*, 500 Mich 1, 5; 890 NW2d 344 (2016). If there is a genuine issue of material fact—i.e., if "the record leaves open an issue upon which reasonable minds might differ"—then summary disposition is not warranted. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks and citations omitted). Although purporting to apply this standard of review, the majority disregards documentary evidence and expert testimony supporting a finding that defendant had constructive notice of the defective condition, and opines that, contrary to the expert opinion, the condition of the stairs would not have alerted defendant to the defect. Because I believe that, viewed in the proper light, reasonable minds could differ on the issue of constructive notice, I respectfully dissent.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). "The duty owed to a visitor by a landowner depends on whether the visitor was a trespasser, licensee, or invitee at the time of the injury." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013). Because plaintiff entered defendant's home after being hired to fix a leaky pipe, he was an invitee. See *Stitt*

*v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000) (holding that "invitee status is commonly afforded to persons entering upon the property of another for business purposes"). As a result, defendant, as the premises owner, owed plaintiff a duty "to exercise reasonable care to protect [him] from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). That was not the only duty owed, however.

The common law duty of a premises owner to an invitee is long-established. In *James v Alberts*, 464 Mich 12, 19; 626 NW2d 158 (2001), Justice TAYLOR noted:

> "Historically, Michigan has recognized three common-law categories for persons who enter upon the land or premises of another: (1) trespasser, (2) licensee, or (3) invitee. *Michigan has not abandoned these common-law classifications.* Each of these categories corresponds to a different standard of care that is owed to those injured on the owner's premises. Thus, a landowner's duty to a visitor depends on that visitor's status." [quoting *Stitt*, 462 Mich at 596 (emphasis added).]

After describing the duty owed to a trespasser and licensee, Justice TAYLOR reaffirmed the duty owed to an invitee:

> "The final category is invitees. An "invitee" is "a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception." The landowner has a duty of care, not only to warn the invitee of any known dangers, *but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards.* Thus, an invitee is entitled to the highest level of protection under premises liability law." [*Id*. at 19-20 (emphasis added), quoting *Stitt*, 596-597.]

See also *Lowrey*, 500 Mich at 10 n 2 (describing the duty a landowner owes to an invitee as an obligation to also make the premises safe, which requires the landowner to inspect the premises and depending upon the circumstances, make any necessary repairs or warn of any discovered hazards) (quotation marks, alteration, and citation omitted).

Therefore, when a premises possessor fails to inspect his or her property, or conducts an inadequate inspection, the law will impute knowledge of the dangerous condition to the premises possessor if the dangerous condition is of such a character or has existed for a sufficient time that a reasonable premises possessor would have discovered it. See *Clark v Kmart Corp*, 465 Mich 416, 419-421; 634 NW2d 347 (2001); see also *Lowrey*, 500 Mich at 8 (stating that a premises owner has constructive notice if the unsafe condition of the property "is of such a character or has existed a sufficient length of time that he should have knowledge of it."). Stated another way, a premises possessor cannot avoid liability for the harms caused by a dangerous condition on his or her property by claiming ignorance of its existence if, in the exercise of reasonable care, the premises possessor should have discovered it.

Although there is a duty to conduct a reasonable inspection, when bringing a motion for summary disposition, the premises possessor is not required to "present evidence to establish what constitutes a reasonable inspection under the circumstances to permit an inference that, given the nature of the hazard, he or she would not have discovered the hazard even if he or she had performed that inspection." *Id*. at 9-10. That does not mean that the duty to inspect no longer exists.[1] Instead, in response to a premises possessor's motion for summary disposition based on a lack of notice, the plaintiff may produce evidence that a reasonable inspection under the circumstances would have resulted in the discovery of the hazard. If there is evidence that a reasonable inspection under the circumstances would have resulted in the discovery of the hazard, then it would be reasonable to infer that if the premise owner had preformed that inspection he or she would have discovered the hazard. If the hazard could have been discovered with a reasonable inspection, then it is "of such a character . . . that [the premises owner] should have knowledge of it." See *Id*. at 10 (explaining that the character of a dangerous condition may be sufficient to establish constructive notice).

It is this duty—the duty to inspect—that, together with the unrebutted opinion of plaintiff's expert, clearly create a factual question sufficient to defeat defendant's motion for summary disposition under MCR 2.116(C)(10).

The record below establishes that plaintiff's expert inspected the stringers in 2020 while they were at defendant's home. He opined that they were "visibly rotting" and that the deterioration would have occurred "over years or decades." He also inspected defendant's basement in 2020, and he noted that the basement had cracks in the walls that allowed sandy soil into the basement. Plaintiff's expert attributed the deterioration and rot of the wood comprising the staircase to the "stringers being placed directly onto a concrete floor that was often wet and had soils which had washed in around the base." Again, there was evidence that there was dirt and water in the basement in March 2017. Plaintiff's expert stated that there were cracks in the foundation adjacent to the stairwell, and he opined that the presence of soil in the basement established that soil and water repeatedly came through the cracks in the foundation. Based on his observations of the stringers in 2020, his inspection of the basement in 2020, his observation of the March 22, 2017 photographs of the stringers and the basement, and his review of the depositions, plaintiff's expert opined the condition of the stairs had existed for years or decades and that the condition of the stringers would have been visible because "the front of the staircase

---

[1] The majority neglects to acknowledge that, even after *Lowrey*, the duty of a premises possessor to "inspect the premises" continues to exist. Rather than eliminate that aspect of a premises possessor's duty to an invitee, the *Lowrey* Court clarified the respective obligations parties have under a motion for summary disposition relying on MCR 2.116(C)(10). See *Lowrey*, 500 Mich at 3 (holding that a premises possessor is "not required to present proof that it lacked notice of the hazardous condition. Instead, the defendant only needs "to show that plaintiff presented insufficient proof to establish the notice element" of his or her claim.). In doing so, *Lowrey* did not diminish or disturb the common law rule that a premises possessor owes a duty to invitees to inspect the premises. Rather, it reaffirmed that such a duty continues to exist by describing it as part of the premises possessor's duty to an invitee. *Id*. at 10 n 2.

had no planks on the 'riser' portion of the stairs." Defendant also testified that before the stairs collapsed, the stringers would have been visible.

Plaintiff's expert's opinion is supported by photographs taken on March 22, 2017, a 2020 in-person inspection of the basement and the stringers, and his review of the deposition testimony. Because his affidavit is supported and is not a mere conclusory statement, it is properly considered when evaluating whether there is a question of fact as to constructive notice.

The majority notes that plaintiff, a handyman, did not notice any defect in the staircase before the stairs collapsed and that the stairway was old and had been used by defendant and her family for decades without any problem and without defendant noticing any defect. That, however, is not proof that Chapman did not have *constructive* notice of the defect. Rather, such testimony goes to the fact that she did not have *actual* notice. A finding of constructive notice is not dependent upon the premises owner or someone else successfully navigating a dangerous condition on the property. Rather, as our Supreme Court made clear in *Lowrey*, the key is whether the dangerous condition was "of such a character or has existed a sufficient length of time that" the premises owner should have knowledge of it. *Lowrey*, 500 Mich at 10. Here, plaintiff's expert's testimony was that the character of the dangerous condition was decaying stringers supporting a staircase, and based on his observations and his expertise, he opined that the condition had developed over the course of years or decades. Viewed in the light most favorable to plaintiff, that evidence is sufficient to establish a genuine issue of material fact as to constructive notice.

Rather than view the evidence in the light most favorable to plaintiff to determine if there is a genuine issue of material fact as to constructive notice, the majority states:

> Plaintiff's expert nevertheless opined in his report that, when he observed the stringers, the bottoms of the stringers were visibly rotting, and that, based on defendant's testimony that the bottoms of the stringers were visible, this rot at the bottoms of the stringers would have been discovered upon reasonable inspection. *In our opinion, however, the condition at the base of the steps would not have alerted defendant to the danger that the stairs attached to the stringers could collapse.* [Majority opinion, pp 4-5.]

In doing so, the majority first acknowledges the evidence creating a question of material fact and then, rather than apply the standard of review for a (C)(10) motion, the majority reaches its own opinion as to what the evidence shows. While such a determination is appropriate for a factfinder, this Court is an appellate court. "[W]hen an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). By failing to do so, the majority errs.

When viewing in the light most favorable to plaintiff, there is a genuine question of material fact with regard to whether defendant had constructive notice of the defective staircase. Because a reasonable jury (or trial court judge sitting as a factfinder) could conclude based on the facts presented to the trial court that defendant should have discovered the defect, summary disposition was improperly granted. I, therefore, must respectfully dissent.

/s/ Michael J. Kelly

-4-