*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMAL ABDULLAH,

       Plaintiff-Appellant,

v

MACY CLEANERS, INC.,

       Defendant-Appellee.

UNPUBLISHED
April 27, 2023

No. 360603
Wayne Circuit Court
LC No. 20-007951-NO

Before: PATEL, P.J., and SWARTZLE and HOOD, JJ.

PER CURIAM.

In this premises liability action, plaintiff Amal Abdullah appeals as of right the trial court's order granting defendant Macy Cleaners' motion for summary disposition. Viewing the evidence in the light most favorable to Abdullah, we find that reasonable minds could differ whether an ordinary person would have discovered the soap and water on the laundromat's tile floor upon casual inspection. But because Abdullah's claim arises out of a condition on the land, her claim sounds in premises liability rather than ordinary negligence/gross negligence. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

On October 6, 2019, plaintiff Amal Abdullah went to defendant Macy Cleaners' self-serve laundromat to wash large blankets. Abdullah placed the blankets in the washer and left the laundromat to run errands. Before Abdullah left, one of Macy Cleaners' employees, Rana Nassar, told her that she would put the blankets in the dryer after the wash cycle was complete. Abdullah returned to the laundromat a couple of hours later. Nassar told her that the load was complete, pointing to a dryer in the rear corner of the laundromat. Abdullah walked approximately 14 to 15 feet towards the dryer. Before she reached the dryer, she slipped and fell onto her back and struck her head on the floor.

-1-

Abdullah testified that she slipped on soap and water on the tile floor. She did not see anything on the floor before she fell. But she "felt the water and the soap" when she fell down. After she got up, she noticed that she had soap and water on her hands and clothing, and her hair was wet. Abdullah did not know where the soap or water came from or how long it had been on the floor before she fell. No one else was in the immediate area when she fell. Nassar repeatedly apologized to Abdullah after the fall, stating that she "forgot to put the towel [sic] and dry the floor."

The laundromat owner, Alex Mourad, was not present when Abdullah slipped and fell. He first learned of the incident when he was served with the lawsuit. Mourad asked Nassar about the incident because she was the working at the laundromat on that day. According to Nassar, there was *no* water on the floor when Abdullah fell. Nassar testified that Abdullah tripped on a mat, stating that she personally observed "the rug . . . caught inside her slipper . . ."

Mourad testified that there are dress code signs posted on the doors to the laundromat informing customers that they are prohibited from wearing slippers inside the laundromat. According to Mourad, slippers are "too dangerous" in the laundromat because it's "easy to fall down." Mourad testified that the signs have been in place for 30 years, and they are only removed for approximately two hours monthly while the windows are being cleaned. He maintained that there was a dress code sign posted on at least one of the three laundromat doors on the date that Abdullah fell. In addition to the signs prohibiting slippers, Mourad claimed that there were yellow caution signs posted on the floors of the laundromat warning of a fall hazard. Mourad testified that the caution signs "are always there all the time." Nassar also testified that caution signs are displayed daily.

Abdullah could not describe the footwear that she had on at the time of the incident other than "sandals." Nonetheless, she denied that she tripped on a mat or rug as Mourad and Nassar claimed. Abdullah filed a complaint alleging that Macy Cleaners was responsible for the "clear, soapy water that was leaking out of a nearby, malfunctioning washing machine" and was liable for her injuries. She asserted two separate claims against Macy Cleaners: one for premises liability and one for general negligence or gross negligence. Following discovery, Macy Cleaners moved for summary disposition pursuant to MCR 2.116(C)(10), asserting that there was no genuine issue of material fact that the soap and water was open and obvious and it did not contain any special aspects imposing a duty on Macy Cleaners to warn or protect Abdullah. Macy Cleaners further argued that, even if the soap and water was not open and obvious, it did not breach its duty to warn or protect Abdullah because there was no genuine issue of material fact that there were yellow caution signs on the floor at the time of the incident. Finally, Macy Cleaners maintained that Abdullah's injury arose from a condition on the land and thus she could not maintain a separate claim for ordinary or gross negligence.

Abdullah argued that there was a question of fact whether the soap and water was open and obvious because Nassar and Mourad both testified that Abdullah tripped on a rug and they denied that there was water on the floor at the time of the incident. Abdullah further asserted that the soap and water on the tile was transparent or nearly transparent and thus not open and obvious. And, based on photographs that her attorney took during a scene inspection "some time after the incident," Abdullah maintained that Macy Cleaners' agents were negligent in failing to clean up

and rectify soap leaking from the washers, which supported a separate claim for general negligence.

The trial court granted Macy Cleaners' motion. First, the court held that because Abdullah alleged that she was injured as the result of a soapy, wet surface, which is a condition on the land, "her claim sounds in premise [sic] liability and not in negligence or gross negligence." Next, the court found that there was no genuine issue of material fact that the area of soap and water was open and obvious, holding that "[a]n average user of ordinary intelligence would have expected that there may be wet floors in a business that utilizes washing machines and uses water and soap[.]" Abdullah now appeals.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Woodring v Phoenix Ins Co,* 325 Mich App 108, 113; 923 NW2d 607 (2018). We consider all evidence submitted by the parties in the light most favorable to the non-moving party. *El-Khalil*, 504 Mich at 160. Summary disposition under MCR 2.116(C)(10) is only appropriate when there is no genuine issue of material fact. *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013). "The court is not permitted to assess credibility, or to determine facts" in analyzing whether a genuine issue of material fact exists. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). "This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008).

## III. ANALYSIS

## A. PREMISES LIABILITY

Abdullah first argues that the trial court erred in determining that the soap and water on the tile floor was open and obvious. We agree.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was [a] proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). It was undisputed below that Abdullah was a business invitee when the alleged injury occurred. Macy Cleaners owed Abdullah a duty as its business invitee "to exercise reasonable care to protect [her] from an unreasonable risk of harm caused by a dangerous condition on the land." *Id*.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). This test is an objective one that requires an inquiry of "the objective nature of the condition of the premises at issue." *Id.* "The open and obvious danger doctrine focuses on the condition of the premises and the hazard as they

existed at the time the plaintiff encountered them." *Blackwell v Franchi*, 318 Mich App 573, 579; 899 NW2d 415 (2017), remanded on other grounds 502 Mich 918 (2018).[1] Summary disposition is not warranted if there is "sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered the existence of the [hazard]." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). A hazard that is "either invisible or nearly invisible, transparent, or nearly transparent" is "inherently inconsistent with the open and obvious danger doctrine." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483 (2008).

In this case, Abdullah testified that she slipped and fell on soap and water on the tile floor of the laundromat. She maintains that she did not see the wet, soapy area before she fell. She pleaded that the water was "clear." She testified that she was only able to discover the condition because she had soap and water on her hands and clothing after she fell. Macy Cleaners argues that Abdullah admitted that she was able to see the water and soap after she fell and asserts that she described the water as six-foot wide across the aisle. We find Abdullah's testimony on this issue ambiguous.[2] Abdullah testified repeatedly that she did not see the water after she fell:

A. No, I didn't see. All I saw [sic] on my clothes.

Q. Where on your clothes?

A. I felt the soap when I fell down. I felt the water and the soap, and I found my clothes wet and my hand and my hair.

Q. Where were your clothes wet?

A. From the water and the soap.

Q. No, I asked where on your clothing—

A. Where?

Q. —was it wet?

A. On my back, my, um, my whole side. The right side, the whole side.

While Abdullah stated that she "saw the water under [her] and the soap" after she fell, we find this statement ambiguous. Abdullah explained that she "saw the water and soap on [her] hand, on [her] clothes." And when Abdullah was asked to confirm that she saw the water and soap on the floor after her fall, she responded, "After I fall, yeah, because I *felt*, I *felt* that." (Emphasis added). Abdullah was unable to describe how much soap and water was on the floor, stating "I don't know" and "not a lot[.]" Abdullah estimated an area "between five and six feet," explaining

---

[1] In its remand order, our Supreme Court specifically "d[id] not disturb" this Court's open-and-obvious holding. *Blackwell*, 502 Mich at 918.

[2] The ambiguity appears to be caused by a language barrier.

that it was an area between the two machines that she was walking. But also stated, "I didn't look at the size." We find this testimony unclear as to whether Abdullah is describing an area of water that she actually observed, or whether she is describing, in general, the area where she fell.

Macy Cleaners has offered no testimony or other evidence to demonstrate that the floor was visibly, let alone obviously, wet and soapy at the time of Abdullah's fall or that a reasonable person would have observed that condition on casual observation. Mourad and Nassar both denied that there was any water on the tile floor. Nassar testified that she observed Abdullah trip on a rug. Viewing the evidence in the light most favorable to Abdullah, we find that a genuine issue of material fact exists as to whether an average person with ordinary intelligence would have been able to discover the soap and water upon a casual inspection. Accordingly, the trial court erred by granting summary disposition to Macy Cleaners under MCR 2.116(C)(10).

## B. NEGLIGENCE CLAIM

Abdullah also argues that the trial court erroneously held that her negligence/gross-negligence claim was a simply a premises-liability claim. We disagree.

"Courts are not bound by the labels that parties attach to their claims[;]" rather, "the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012) (cleaned up). "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Id.* at 692 "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id.* Indeed, an ordinary negligence claim may be brought "for the overt acts of a premises owner on his or her premises." *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 914; 781 NW2d 806 (2010), citing *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005). But when a "plaintiff alleges that the dangerous condition was created by the actions of defendant or its employees—or more accurately, their failure to act—that allegation does not transform a premises-liability action into one of ordinary negligence." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 625; 971 NW2d 716 (2021), citing *Buhalis*, 296 Mich App at 691-692.

Abdullah's complaint alleged that she slipped and fell on the clear, soapy water that was leaking out of a nearby, malfunctioning washing machine, causing her to fall. Her negligence/gross-negligence allegations employed language common to premises-liability claims. Ultimately, Abdullah's injury occurred because of a condition on the land—the soap and water on the laundromat floor—and not because of the specific conduct of any of Macy Cleaners' employees. Because Abdullah's complaint did not allege a claim based on Macy Cleaners'

conduct, but only alleged a claim based on the condition of its premises, we conclude that the trial court did not err by holding that Abdullah did not allege a claim sounding in negligence, but only alleged a claim sounding in premises liability.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Noah P. Hood